Strafford,  
March 7, 1939. } No. 3028.

AMERICAN EMPLOYERS INSURANCE COMPANY

*v.*

FRANK F. WENTWORTH, (doing business as F. F. WENTWORTH & SONS), JOHN PELCZAR, LOUIS PAPAGEORGE (individually and as father and next friend of ATHENA PAPAGEORGE).

114

*Hughes & Burns (Mr. Burns* orally), for the plaintiff.

*Frank E. Blackburn, Ovilla J. Gregoire, Everett J. Galloway* and *William H. Sleeper (Mr. Sleeper* orally), for the defendants.

BRANCH, J.   It is not perceived how the correctness of the jury's answer to the question submitted to it could have been affected by the refusal of the court to submit at the same time the issue of prompt notice of the accident to the insurance company.   This issue, having been reserved for future determination, the plaintiff's rights in re-

spect thereto have not been affected and it, therefore, takes nothing by its exception to the refusal of the court to submit this issue to the jury.

The plaintiff's motion for a directed verdict upon the issue of permitted use does not invite extended consideration. It is sufficient to say that the record discloses ample evidence to justify the conclusion that upon the day of the accident Pelczar took the car in question from the defendant Wentworth's garage in accordance with a continuing arrangement which had been in effect for several weeks, by the terms of which he was allowed to use garage cars "to run back and forth to work with and do errands."

The plaintiff excepted repeatedly to the admission of testimony that the defendant, Wentworth, had never objected, prior to the accident, to the use of his cars by Pelczar for the purpose of doing errands and requested the court to charge the jury that this testimony was "no evidence of consent, express or implied, to the use or operation on the night of the accident." We think that this evidence was clearly relevant and admissible as indicating the extent of the use to which the defendant Wentworth gave his consent, and the plaintiff's exceptions with reference thereto are, therefore, overruled.

A more serious question is presented by the plaintiff's exception to the admission of testimony as to a statement alleged to have been made by Wentworth with reference to Pelczar's authority to use the car. Leon K. Dudley, a witness called by the defendants was permitted to testify as follows: "Q. Did you ever hear Mr. Wentworth say anything, Mr. Dudley, about the use of either the Nash car or any of the other cars when Mr. Pelczar was not present? *Mr. Burns:* To that we object, if the court please. *Court:* Admitted. *Mr. Burns:* Exception to the allowance of it. A. Mr. Wentworth told me one day when Mr. Pelczar was in the garage but not present and his wife had the car that he allowed Mr. Pelczar to have the car to use but he did wish the family would not drive it. *Mr. Burns:* We move that be stricken out as not being competent or admissible or binding in this case. *Court:* I will allow it to stand. *Mr. Burns:* Exception please. *Court:* Yes."

By this exception the plaintiff sought to invoke the rule laid down in *Aetna Life Insurance Co.* v. *Chandler*, 89 N. H. 95, 100, and *Morin* v. *Insurance Co.*, 85 N. H. 471, as follows: "Statements of the insured, not testified to by him as true, are not evidence of the insurer's liability if the insurer is sought to be held liable without regard to the insured's liability. In this respect the insurer stands as a stranger;

and as to it the admissions are only hearsay . . . ." This position was subsequently made clear by three requests for instructions, the substance of which appears in the request numbered 19, as follows: "Any alleged extrajudicial statements of Wentworth, not admitted by him on the stand, are hearsay as to the petitioner and are not evidence of its liability in this proceeding." The plaintiff now argues that both the admission of the foregoing testimony and the denial of its requests were erroneous and require the granting of a new trial.

The answer to this contention is that the rule above quoted is inapplicable to the facts of the present case. In the *Chandler* case it is definitely stated that the requests there considered had reference to the testimony "as to Mrs. Chandler's statements and conduct after the accident had occurred." *Supra*, 99. It appears from the record in the *Morin* case that the statements there considered were also made after the accident occurred. 419 Briefs & Cases, 562. As to statements of that kind, the language above quoted was obviously correct as an application of the rule against hearsay. In the present case, however, the question of Wentworth's consent to the use actually made of his cars by Pelczar was essentially one concerning Wentworth's mental attitude during the period of such use. Upon this point evidence of his conduct during that time was clearly relevant and admissible. 1 Wig., Ev. *s.* 300; 3 Wig., Ev. *s.* 1725. For similar reasons, evidence of his declarations during the same period indicating his consent to such use, was admissible under a well established exception to the hearsay rule which takes the form of "a broad doctrine admitting contemporary declarations of a mental or emotional condition in general." 3 Wig., Ev. *s.* 1714. This doctrine has so frequently been stated and applied in the decisions of this court (see Hening, N. H. Dig. Tit., Evidence, 620-623) that an extended discussion of the basis upon which it rests seems superfluous. It is sufficient to repeat here the conclusion of the author above quoted that, "For the use of such statements, then, made out of court and under certain circumstantial guarantees of trustworthiness, there is a fair necessity, in the sense that there is no other equally satisfactory source of evidence either from the same person or elsewhere," (3 Wig., Ev. 1714) plus that of Mr. Justice *Holmes*, in *Elmer* v. *Fessenden*, 151 Mass. 359, "Such declarations made with no apparent motive for misstatement may be better evidence of the maker's state of mind at the time than the subsequent testimony of the same persons."

Under this doctrine two things are plain, (1) that the declaration

must concern the mental state of the declarant, and (2) must have reference to the time at which the declaration was made. It is in this sense that the word "contemporary" is often used in discussing this exception to the hearsay rule. Declarations as to past mental conditions are pure hearsay and are not within the exception.

Wentworth's statement as reported by the witness Dudley, was to this effect: "I allow Pelczar to have the use of the car but I do wish the family would not drive it." This was clearly a statement of Wentworth's own mental state at the time it was made and as such was properly admitted under the doctrine above stated. "That the mental state of a given individual at a particular time was that of assent may be proved by his extrajudicial statements fairly indicative of such a feeling. Dissent, where relevant, may be proved in the same way." 4 Chamberlayne, Ev. 2648. "A person's statement of a present mental condition, including design, intent, motive, emotion, and the like, is admissible, where no special circumstances make it likely to have been untrustworthy." Wig., Pocket Code of Ev. 1207.

The testimony was equally admissible, however, upon another ground. As pointed out by Professor Wigmore, "The 'res gestae' *phrase,* . . . is frequently invoked as the source and test of admissibility for declarations of a mental condition. It is true that at certain points the Verbal Act doctrine and the present Exception coincide practically and serve equally to admit certain sorts of statements; but they are nevertheless wholly distinct in their nature and in their right to exist. . . . Many Courts are inclined to treat the Hearsay Exception as though it were limited by the rule about Verbal Acts; but the passages quoted in the preceding section show this to be unnecessary and improper." 3 Wig., Ev. 1715. *Hadley* v. *Carter*, 8 N. H. 40, appears to be a case of the kind last mentioned, for in the opinion we read: "Where declarations of an individual are so connected with his acts as to derive a degree of credit from such connection, independently of the declaration, the declaration becomes part of the transaction, and is admissible in evidence. The evidence in such case is not regarded as mere hearsay testimony. It does not rest upon the credit due to the declarant, but may be admitted even though the declarant in ordinary cases would not be believed upon his oath. The testimony is admitted on the presumption, arising from experience, that when a man does an act, his contemporary declaration accords with his real intention, unless there be some reason for misrepresenting such intention."

Under this theory, the "act" with which Wentworth's declaration was connected and from which his contemporaneous statement derives "a degree of credit" was his observation of the use of his car by Mrs. Pelczar. The evidence of his declaration above set forth was, therefore, equally admissible under the doctrine of verbal acts. In other words, this is one of the cases referred to by Professor Wigmore in which the verbal act doctrine and the hearsay exception coincide practically and serve equally to admit the statement in question. The plaintiff's exceptions relating to the admission of this testimony, and the refusal of the court to limit its use are therefore overruled.

The exceptions of the plaintiff to the arguments of defendants' counsel are trivial in character and do not require extended consideration. The argument in regard to Pelczar's purpose in going home on the night of the accident was inconsequential but fully supported by the evidence. The conduct of counsel for the plaintiff in refusing to produce a statement of the defendant Pelczar, which was admittedly in their possession, was an incident of the trial which transpired in the presence of the jury and upon which comment was not improper. *State* v. *Lajoie*, 84 N. H. 147; *Coté* v. *Company*, 86 N. H. 238. For the same reason, the statement of counsel that the insurance company "was taking any way they can find to get out," was not improper.

The evidence fully justified the submission to the jury of the issue of express consent and the plaintiff's exception to the refusal of the court to withdraw this issue from the jury is overruled.

The court definitely instructed the jury that Pelczar "at the time and place of the accident was not acting as the agent, servant or representative of Mr. Wentworth, his employer" in accordance with a request of the plaintiff, but coupled this instruction with a statement that proof of agency was not necessary in order to justify a finding of express or implied consent. The present contention of the plaintiff "that the form of the instruction was misleading and unduly favorable to the respondents" appears to be without merit.

Plaintiff's requests for instructions numbered 2, 5, 9, 13, 17, 21, 25 and 27 were all in the nature of comments upon particular portions of the testimony and as such were properly denied. "The extent to which facts shall be stated in the charge, and the commentaries to be made upon them, is for the trial judge, and his action is not open to exception." *State* v. *Newman*, 74 N. H. 10, 21.

Subject to the plaintiff's exception, the court charged the jury as

follows: "(6) It is not necessary that Mr. Wentworth should have known where Mr. Pelczar was going with the car on the evening of the accident, but the only question is whether the use of the car at that time had been permitted by Mr. Wentworth either expressly or by implication." The present claim of the plaintiff that this instruction "emphasized one aspect of the case in a way too favorably to the respondent claimants" is without merit and the exception is therefore overruled.

With reference to other exceptions not specifically mentioned above, it may be said that a careful examination of the record discloses no reason for disturbing the verdict of the jury.

*Exceptions overruled.*

ALLEN, C. J., doubts the second ruling on evidence, but otherwise concurs: the others concurred.