BAKER & THEODORE, INC., a Corporation, and Tom Venezia, Plaintiffs-Respondents,

v.

Honorable John J. QUINN, Excise Commissioner of the City of St. Louis, Missouri, Defendant-Appellant.

No. 32168.

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

Motion for Rehearing or to Transfer to Supreme Court Denied and Opinion Modified on Court's Own Motion March 3, 1966.

Thomas F. McGuire, City Counselor, James J. Gallagher, Associate City Counselor, St. Louis, for appellant.

Martin M. Green, Richard H. Edwards, Clayton, for respondents.

CLEMENS, Commissioner.

The defendant, Excise Commissioner of the City of St. Louis, revoked the plaintiffs' liquor license, but on plaintiffs' application the circuit court set aside the revocation. The defendant commissioner appeals, contending that the revocation was warranted by the record. Both parties treat the action in the circuit court as one for administrative review, as provided by § 536.010 et seq., RSMo 1959, V.A.M.S.

The corporate plaintiff was licensed to sell liquor by the drink in the City of St. Louis, the license being issued to "Baker and Theodore, Inc., Tom Venezia, Managing Officer." The individual plaintiff is Tom Venezia, Sr. His son, Tom Venezia, Jr., is not a party, but was at the center of the factual issues. The plaintiffs were cited to appear before the defendant commissioner for alleged violations of Chapters 371 and 374 of the Comprehensive Alcoholic Beverages Code of the City of St. Louis, which we will refer to as the Code. After a hearing, the commissioner ruled that the plaintiffs had violated §§ 371.030 and 374.-062 of the Code, and he ordered their license revoked.

Section 371.030 of the Code empowers the City's Excise Commissioner to prescribe the terms and conditions of licenses, and to revoke such licenses for cause. The defendant had engrafted conditions upon the

plaintiffs' license. By letter to plaintiffs, the defendant commissioner stated that the plaintiff's son, Tom Venezia, Jr., had been convicted of a liquor violation, had killed a man in another tavern operated by the plaintiff, and had frequented a disreputable tavern operated by the plaintiff's daughter. The letter declared that the plaintiffs' license was granted subject to the condition that: " * * * Your son, Tom Venezia, Jr., must remain away from these premises. If he is found on these premises, his mere presence will be considered just cause for revocation of your City of St. Louis Liquor license for 337–41 DeBaliviere Avenue. * * * " The defendant commissioner found that plaintiffs had violated § 371.030 of the Code by permitting Tom Venezia, Jr., to be in the tavern on three occasions.

In another chapter of the Code, § 374.060 sets out the qualifications of employees of licensees, and prohibits employment of persons who have been convicted of violating any liquor law. By § 374.062 of the Code, a licensee is further prohibited from allowing any person to perform any act commonly performed by an employee when such person does not have the qualifications of an employee; and § 372.040 of the Code states that licensees "are at all times responsible for the conduct of their licensed premises." The defendant commissioner found that plaintiffs had violated § 374.062 of the Code by permitting Tom Venezia, Jr., who had been convicted of the illegal sale of intoxicating liquor, to act as an employee.

These two findings of the defendant commissioner were based on testimony given at a hearing where both the City of St. Louis and the plaintiffs offered evidence and were represented by counsel. The City's witnesses were police officers who had visited the plaintiffs' tavern on August 19, 26 and 29. We summarize that evidence.

On the early morning of August 19, both the plaintiff and his son were in the tavern and talked with one of the officers. Tom Venezia, Jr., sat in a booth, and while the officers were there he talked and shook hands with several persons.

On August 26, near midnight, a police officer asked plaintiffs' bartender whether the owner was there. He was introduced to Tom Venezia, Jr., who told the officer he was managing the tavern for his father. Testimony as to the statements by the bartender and Tom Venezia, Jr., came in over plaintiffs' hearsay objections.

On the night of August 29, a police officer spent half an hour in the tavern watching Tom Venezia, Jr., and was of the opinion that he was working there. During this time Tom Venezia, Jr., greeted persons entering the tavern, found out how many were in each group, directed them to tables and assisted in seating them. This happened five or six times. Tom Venezia, Jr., talked to the bartender and the waitress from time to time, and once took a drink to one of the tables.

Plaintiffs had contradictory evidence. They admitted the previous conviction of Tom Venezia, Jr., for selling liquor. They also admitted his presence at the tavern four times, but claimed he was there contrary to his father's orders to him to stay away. They denied that Tom Venezia, Jr., had taken part in the business of the tavern.

As said, the defendant commissioner found against the plaintiffs and revoked their license. Thereupon, plaintiffs filed a transcript of the evidence and their "petition for administrative review." After submission, the circuit court set aside the defendant's order of revocation, and the commissioner appealed to this court.

■ In their petition the plaintiffs claimed that the commissioner erred because there was no competent and substantial evidence to support the charge that plaintiffs had allowed Tom Venezia, Jr., to perform acts commonly performed by an employee, prohibited by § 374.062 of the Code. It is not our province, nor was it

that of the trial court, either to weigh the evidence or to determine the case on the merits. Those were functions of the Excise Commissioner. Our duty on review is to determine whether his findings of fact and the revocation of plaintiffs' license are supported by competent and substantial evidence. State ex rel. Favazza v. Ketchum, Mo., 367 S.W.2d 542 [2, 3].

■■ Plaintiffs claim the statement of Tom Venezia, Jr., that he was manager of the tavern is hearsay, and is not competent evidence. They rely on the case of State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W.2d 206 [6], which holds that the right of cross-examination precludes consideration of hearsay testimony. That reason is hardly applicable here because Tom Venezia, Jr., did testify and was examined and cross-examined under oath. The statement of Tom Venezia, Jr., that he was the manager would be hearsay only if that statement was offered to prove the content thereof: that he was in fact the manager of the tavern. On the other hand, if it was an independent declaration which explained or gave color to his conduct, then Tom Venezia, Jr.'s statement was not hearsay but was a verbal act. See 31A C.J.S. Evidence § 403(2). In re Thomasson's Estate, 347 Mo. 748, 148 S.W.2d 757 [10]; Hoelmer v. Heiskell, 359 Mo. 236, 221 S. W.2d 142 [9]; and Dick v. Puritan Pharmaceutical Co., Mo.App., 46 S.W.2d 941 [10]. Considering the other evidence of Tom Venezia, Jr.'s repeated presence in the tavern and his person-to-person contacts with the bartender, the waitress and the customers, we believe that his statement that he was the manager did explain and give color to his conduct. It was admissible as circumstantial evidence of the relevant fact that he did perform acts commonly performed by employees.

■ To uphold the finding that plaintiffs violated § 374.062 of the Code, there must have been competent and substantial evidence that plaintiffs allowed Tom Venezia, Jr., to act as an employee. The

sufficiency of that evidence is a question of law and we review it on the original record, unhindered by any presumption that the trial court was correct in quashing the order of revocation. This, because a trial court does not exercise discretion on matters of law. Mattocks v. Emerson Drug Co., Mo.App., 33 S.W.2d 142 [10]; Schipper v. Brashear Truck Co., Mo., 132 S.W. 2d 993 [2], 125 A.L.R. 674. The Excise Commissioner, not the trial court or this court, is the fact-finding tribunal; and the burden is on the plaintiffs to demonstrate that the commissioner erred on the record before him. Peoples Telephone Exchange v. Public Service Com'n, 239 Mo. App. 166, 186 S.W.2d 531 [1, 2]. In determining the sufficiency of the evidence, we consider it in the light most favorable to the Excise Commissioner's finding, together with all reasonable inferences that support that finding. Poggemoeller v. Industrial Com'n, Mo.App., 371 S.W.2d 488. If the evidence had such probative force that the commissioner could have reasonably made the finding and reached the decision in question on substantial evidence before him, we must affirm his order. Mann v. Mann, Mo.App., 239 S.W.2d 543 [1]. Evidence is substantial if it has probative force upon the issues and could reasonably lead to the belief of the material facts. Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817 [6]; discussed in detail in Davis v. State Dept. of Public Health & W., Mo.App., 274 S.W.2d 615 [6, 7].

■ We conclude that the evidence could reasonably lead the defendant commissioner to believe, as he did, that the plaintiffs permitted Tom Venezia, Jr., an unqualified person, to perform acts usually performed by employees on the licensed premises, contrary to § 374.062 of the Code. It follows that the commissioner was authorized to revoke the plaintiffs' license.

■ Plaintiffs also challenge the defendant commissioner's finding that they violated § 371.030 of the Code. When the propriety of an order is found on appeal

to be justified on one ground, it is not necessary for an appellate court to further determine the propriety of the order on some other ground. Joice v. Missouri-Kansas-Texas R. Co., 354 Mo. 439, 189 S. W.2d 568 [7], 161 A.L.R. 383; State ex rel. William R. Compton Co. v. Walter, 324 Mo. 290, 23 S.W.2d 167 [14]; and Moler v. Whisman, 243 Mo. 571, 147 S.W. 985 [8], 40 L.R.A.,N.S., 629. Because we have determined that the commissioner's order was justified on the ground of plaintiffs' violation of § 374.062 of the Code, we need not pass upon the propriety of the commissioner's further finding that plaintiffs violated § 371.030 of the Code.

■ Plaintiffs' petition raised three other points: First, they claimed that the revocation of their license was in excess of the commissioner's statutory authority and jurisdiction. They do not brief that point here, and it is without merit. See § 311.220 RSMo 1959, V.A.M.S.; and Passler v. Johnson, Mo., 304 S.W.2d 903 [1].

■ The petition next claimed generally that the revocation was in violation of both state and federal constitutions. But, a constitutional issue may not be preserved for review without specifying the section claimed to have been violated and alleging facts showing the violation. Ragan v. Ragan, Mo.App., 315 S.W.2d 142 [4]. Plaintiffs did neither.

■ Lastly, plaintiffs pleaded generally that they did not have a fair trial and that the defendant commissioner's order was arbitrary and capricious. Pleading conclusions, unsupported by allegations of fact, preserves nothing for review. State ex rel. Morrison v. Sims, Mo.App., 201 S.W. 910 [1]; State ex rel. McDonald v. Frankenhoff, 344 Mo. 188, 125 S.W.2d 816 [3]. Nonetheless, we have examined the transcript and plaintiffs' brief to see whether there was any reason for us to grant relief under Civil Rule 79.04. We find no plain errors affecting substantial rights which resulted in manifest injustice to the plaintiffs.

The judgment of the circuit court should be reversed, with directions to affirm the Excise Commissioner's order of revocation.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded to the circuit court; and that court is directed to affirm the Excise Commissioner's order of revocation.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.