**STATE of Missouri, Respondent,**

v.

**Ralph SCHUH, Appellant.**

**No. 57535.**

Supreme Court of Missouri, Division No. 1.

July 16, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., Jefferson City, for respondent.

Miner, Martin & Speiser, Hugh A. Miner, St. Joseph, for appellant.

WELBORN, Commissioner.

A jury in the Buchanan County Circuit Court found Ralph Schuh guilty of selling marijuana. § 195.200, subd. 1(4), RSMo Supp.1971, V.A.M.S. Acting under the Second Offender Act (§ 556.280, RSMo 1969, V.A.M.S.) the court sentenced Schuh to 10 years' imprisonment.

On October 6, 1970, Officer Raymond Hutchison, an undercover St. Joseph police officer, and Heiter "Butch" Smith, a private citizen of St. Joseph who had volunteered to assist the police in drug inquiries, met appellant Schuh at a St. Joseph shopping center. Appellant and Smith were acquainted with each other. Schuh asked Smith if he wanted to buy some marijuana. Smith replied affirmatively. Schuh told Smith to stop by his house at around 9:00 that evening. Smith and Hutchison went to Schuh's residence that evening, but no one responded to their knock. They returned the next evening. Schuh admitted them to the house and delivered three one-ounce packets of marijuana to Hutchison for $30.00.

This transaction was the basis of the offense charged against Schuh. At the trial, Schuh admitted having sold the marijuana, and that he did so because of pressure from Smith. An instruction on entrapment was given the jury.

The judgment of conviction must be reversed because of the erroneous admission of testimony offered by the state. In the course of Hutchison's testimony, he stated that while he was at the Schuh residence on the evening of October 6, 1970, when his knock was unanswered, waiting for a response to his knock, two youths, approximately 18 years old, approached the house and spoke to Smith. Hutchison stated that he conversed with one of the youths and testified to the conversation as follows:

"Q Did he indicate why he was there?

"A Yes, sir.

"Q What did he say?

"MR. MARTIN: I object to that, your Honor, as calling for hearsay testimony.

"THE COURT: The objection is over-ruled.

"MR. PARKER: Would you read back the last question to the witness, please?

"('Q. What did he say?')

"A He stated that he was there for the purpose of buying marihuana from Mr. Schuh."

■ The objection to this testimony should have been sustained. The testimony of Hutchison to the statement of the youth was clearly offered as evidence of the fact there stated, to-wit, that the young man was there for the purpose of buying marijuana. The person who made the statement was not present to be cross-examined. Such is the essence of hearsay and the vice which renders such evidence inadmissible. State v. Kirkland, 471 S.W.2d 191 (Mo. 1971).

■ The state would justify the admission of the testimony under the "verbal act" rule. However, that rule permits the use of extra judicial statements only when such statements are not offered as evidence of the fact stated, but are offered "irrespective of the truth of any assertion they may contain." 6 Wigmore on Evidence (3rd ed.), § 1772, p. 191 (1940). In the case of Baker & Theodore, Inc. v. Quinn, 400 S.W.2d 477 (Mo.App.1966), cited by the state, the St. Louis Court of Appeals properly applied the verbal act rule. There the question involved was whether or not an individual was performing acts in a liquor establishment "commonly performed by an employee." The declarations of the individual that he was manager were offered to explain his conduct, not as proof that he was in fact the manager, and were, therefore, admissible. Here, the declaration, not the conduct, is the matter sought to be used, because absent the declaration, the conduct involved was of no significance. Even on the issue of entrap-ment, for which the state says the testimony was relevant, the presence of the youth was not relevant, only the declaration. To permit the use of the declaration in these circumstances deprived the appellant of the protection which the hearsay rule is designed to provide. The trial court's ruling was error and requires reversal. State v. Kirkland, supra.

Appellant in his brief has attempted to raise questions concerning the constitutionality of the Missouri statutes relating to the sale of marijuana. No constitutional question was raised in the trial court by way of attack on the information. One point in the motion for new trial sought such relief.

"17. Because no evidence was presented showing that there was any basis for the classification of marijuana as a 'hard' drug, with a minimum penalty of five years for the transferring of any quantity thereof. That the punishment therefor under the act would be unconstitutional as cruel and inhuman."

■ The constitutional questions now presented were not timely raised below and are not properly here presented. State v. Meiers, 412 S.W.2d 478, 481[2–5] (Mo. 1967). Inasmuch as the brief of appellant presents the questions on the basis of the law as it stood prior to the 1971 drug regulation act (Chapter 195, RSMo Supp.1971, V.A.M.S.), there is no occasion for considering the arguments on the basis of the plain error rule. Rule 27.20(c), V.A.M.R.

Reversed and remanded.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.