EMCASCO INSURANCE COMPANY,
Plaintiff–Respondent,

v.

Larry Michael DONNELLY et al.,
Defendants–Appellants.

No. 41472.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 14, 1980.

Raymond A. Bruntrager, Sr., St. Louis, for defendants–appellants.

Paul E. Fitzsimmons, Clayton, Sam P. Rynearson, St. Louis, for plaintiff–respondent.

SNYDER, Judge.

This is a declaratory judgment action brought by Emcasco Insurance Company (Emcasco) seeking to have the court declare its policy of insurance inapplicable to a one–car accident in which the automobile insured by Emcasco was involved. Emcasco requested that the court declare Emcasco was under no obligation to defend lawsuits arising out of the accident and that the defendants should be forever barred from asserting any claims against Emcasco. The trial court granted the relief prayed for by Emcasco in addition to declaring that a State Farm Mutual Automobile Insurance Company (State Farm) policy also was not applicable to any of the accident claims. The issue was whether or not Charles Stephen Davis, the deceased driver of the accident car, had permission from the owner to drive it. This court finds the driver did not have permission from the owner and affirms the trial court's judgment.

The original defendants were: Andrew H. McColloch, administrator of the estate of Charles Stephen Davis, the deceased driver of the automobile; Larry Michael Donnelly and Raymond James Miller, injured passengers; Debra Kay Halter, widow of a deceased passenger, Glennon C. Halter; and, Charles and Mildred Halter, parents of Glennon C. Halter. These defendants were actual or prospective claimants for damages arising out of the accident.

State Farm, insurer of John R. Davis and Francelyn Davis, parents of Charles Stephen Davis, was added as an additional defendant pursuant to the order of the court. Coverage under the State Farm policy also hinged upon the question of permission.

Raymond J. Miller appeals, requesting this court to reverse the judgment and remand the case with instructions to enter judgment in his favor. As the basis for his appeal Miller charges the trial court erred in making two evidentiary rulings which will be discussed in requisite detail after a brief discussion of the facts.

Emcasco issued a policy of insurance effective January 30, 1975 to Donald and Shirley Carter insuring a 1970 Dodge. On March 22, 1975 Donald Carter called Charles Stephen Davis and told him to pick up the 1970 Dodge and take it to a service station in O'Fallon, Missouri to have the brakes repaired. Davis and Carter were close friends. Davis telephoned Carter later in the day to tell him that the repairs could not be completed until the following Monday. Carter instructed Davis to lock

his (Carter's) tools in the trunk and leave the car until the repairs were finished.

Davis used the 1970 Dodge in the evening of March 22, 1975 when he picked up some friends, drove to Illinois, visited several night spots, and around 11:00 p. m. returned to Missouri to attend a party in O'Fallon. They left the party in the 1970 Dodge at approximately 12:30 a. m. and while en route to a restaurant a one–car accident occurred as a result of which Charles Stephen Davis and Glennon Halter died and Larry Donnelly and Raymond J. Miller received injuries.

Emcasco has charged that appellant Miller's points relied on fail to comply with Rule 84.04(d) because they are abstract statements of fact and law, and because of this appellant's brief preserves nothing for appellate review. The points relied on are inartfully drawn. They should have been more specific, but rather than take the drastic action of dismissing the appeal, the court will examine the points in connection with the argument and speak to the alleged errors. Respondent's claim that nothing was preserved for appellate review is denied.

Appellate review of this declaratory judgment action is governed by Rule 73.01 as clarified by the Missouri Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The trial court decree will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law.

No challenge was made to the sufficiency of the evidence, and therefore, only the specific evidentiary points raised by appellant will be considered. *L. S. v. L. M. S.*, 538 S.W.2d 753, 754[1] (Mo.App.1976).

Appellant's first point relied on relates to one side of a telephone conversation Charles Stephen Davis's mother said she heard at approximately 7:00 p. m. on March 22, 1975. Charles Stephen Davis was on the telephone and she heard his side of the conversation but she was not permitted to testify to what her son told her after he finished his telephone conversation. Respondent's objection based on hearsay was sustained. The trial court ruled correctly.

It is sufficient to say that the conversation Mrs. Davis proposed to relate was hearsay. "Evidence is called hearsay when its probative force depends, in whole or in part, on the competency and credibility of some person other than the witness ... it is primarily testimony which consists in a narration by one person of matters told him by another." 31A C.J.S. Evidence § 192, pages 519–520. " 'The principal reason for excluding testimony as to statements made by others out of court is that the test of cross examination, of the person making them at the time they are made, is unavailable as a safeguard against falsification or inaccuracy'.... *Sconce v. Jones*, 343 Mo. 362, 121 S.W.2d 777, 781." *McKenzie Transport Leasing Co. v. St. Louis Public Service Co.*, 349 S.W.2d 370, 372[1, 2] (Mo.App.1961).

The testimony of a witness that a decedent had denied being intoxicated was held to be clearly inadmissible and reversible error in *Johnson v. Thompson*, 241 Mo.App. 1008, 236 S.W.2d 1, 8[9] (1950). The intoxication of the deceased, a conductor on a railroad, was a substantial issue in the case.

■ So it is here. Appellant offered to prove that Mrs. Davis would testify that her son told her, "Mr. Carter said I could use it." Whether or not the deceased son had permission to use Carter's Dodge was the question before the trial court. The son could not be cross–examined on the point. The trial court properly refused to consider Mrs. Davis's hearsay evidence and its ruling must be upheld.

■ Appellant's arguments that the statement of the decedent should have been received in evidence because it was error to allow part of a conversation in evidence and not allow the rest or because it impeached and contradicted respondent's testimony concerning a relevant and substantive issue are to no avail.

First, there was no other evidence that Donald Carter had a telephone conversation with the decedent at 7:00 p. m. Second,

hearsay evidence is inadmissible even though it impeaches and contradicts the testimony of another party as in *Johnson v. Thompson, supra*.

The cases of *Kelley v. Hudson*, 407 S.W.2d 553 (Mo.App.1966) and *Schnurr v. Perlmutter*, 71 S.W.2d 63 (Mo.App.1934) cited by appellant are distinguishable on the facts because they relate to conversations of witnesses who were parties to the conversation and not a witness who overheard one side of a telephone conversation between two other persons.

There is no merit to the argument that the testimony should have been admitted to impeach or contradict Donald Carter's testimony. All evidence to some degree contradicts the evidence of the opposing party and hearsay evidence is not admissible solely for this reason. Donald Carter's testimony as to his earlier telephone conversations would not have been impeached by the testimony Mrs. Davis proposed to give. In fact, Mrs. Davis had no direct knowledge and there was no evidence that Mr. Carter was the other party to the telephone conversation.

The trial court has discretion in ruling on the admission of evidence and that discretion will not be disturbed absent a showing of its abuse. *Storm v. Ford Motor Co.*, 526 S.W.2d 875, 880[9] (Mo.App.1975). There was no abuse of discretion here.

■ For his second point relied on appellant claims that the trial court erred in sustaining respondent's objection and denying appellant's offer of proof concerning statements allegedly made by the deceased driver to two witnesses shortly before the accident. Appellant offered to prove by these witnesses that decedent had said Carter had given him permission to use the 1970 Dodge. Obviously the evidence would have been hearsay. See *Cottonseed Delinting Corp. v. Roberts Brothers, Inc.*, 218 S.W.2d 592, 594[4, 5] (Mo.1949). Appellant asserts that the statement served to describe the state of mind of Charles Stephen Davis, but the decedent's state of mind was not an issue in the case. The issue was whether he had permission to drive the car and not what he thought.

Two cases cited by appellant, *State ex rel. State Highway Commission v. City of St. Louis*, 575 S.W.2d 712 (Mo.App.1978) and *Rackers & Baclesse, Inc. v. Kinstler*, 497 S.W.2d 549 (Mo.App.1973), stand for the proposition that the hearsay rule is not applicable when extrajudicial statements are offered, not as evidence of the truth of the statements, but to show the reason for the witnesses' actions. The rule relates to the witnesses' actions, not the action of the person making the hearsay statement. The rule would be applicable here if Mrs. Davis's actions were being explained, but not to show a reason for her son's actions.

The case relied on by appellant, *American Employers Insurance Co. v. Wentworth*, 90 N.H. 112, 5 A.2d 265 (1939), is distinguishable, aside from the fact that it is not controlling authority for this court. The insured was the declarant in *Wentworth*, not the purported permittee. If Mr. Carter had made a statement indicating he had given permission to Charles Davis, the statement might have been admissible if testified to by someone other than Mr. Carter to show Mr. Carter's state of mind. That was not the situation, and the trial court's ruling was not error.

■ Appellant for his third point argues that the out-of-court statements by the decedent were part of the res gestae. This argument also must fail. Res gestae has been said to be incapable of any precise definition but there are at least two different kinds of statements which are received in evidence under the res gestae rule. One kind can properly be classified as verbal acts which are actually a part of the transaction under investigation, and the other kind are spontaneous statements produced by the event itself. *Roush v. Alkire Truck Lines, Inc.*, 299 S.W.2d 518, 522[9–12] (Mo. 1957). Neither classification fits here, nor would the evidence relate to a declaration of present bodily condition, mental state or emotion, an excited utterance or a present sense impression, all of which have been held to be res gestae exceptions to the hearsay rule. 31A C.J.S. Evidence § 403(1), pages 978–980.

Appellant's cited cases, *Menorah Medical Center v. Davis*, 463 S.W.2d 618 (Mo.App. 1971) and *Baker & Theodore, Inc. v. Quinn*, 400 S.W.2d 477 (Mo.App.1966), do not support his position. In *Menorah Medical Center* the court noted that the verbal acts doctrine as enunciated in the *Quinn* case was applicable only where the conduct of the declarant was at issue; under those circumstances his statements were admissible to explain and give color to his conduct. Here the issue was Carter's consent and not Davis's conduct in driving the automobile. The verbal acts doctrine is not applicable.

█ The trial court has discretion to determine whether facts bring evidence within the res gestae rule. *Moore v. St. Louis Public Service Co.*, 251 S.W.2d 38, 40[1, 2] (Mo.1952.) The discretion was not abused.

█ The permission required for coverage under the Davis's State Farm policy was the same as the permission required under the Emcasco policy. The requisite permission was not granted by the owner of the automobile and therefore neither insurer is liable on its policy.

There was no error. The judgment is affirmed.

WEIER, P. J., and CRIST, J., concur.