**Doris J. HEUTEL, Plaintiff–Appellant,**

v.

**Michael Earl STUMPF, Defendant–Respondent.**

**No. 55206.**

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 22, 1989.

Doris J. Heutel, Ballwin, pro se.

Bradford Brett, Brett and Erdel, Mexico, for defendant-respondent.

PUDLOWSKI, Chief Judge.

This is an appeal from a judgment against appellant, Doris J. Heutel, by the Honorable Edward D. Hodge of the Circuit Court of Audrain County, Missouri. Appellant brought suit against respondent, Michael Stumpf, personal representative for the estate of Zada I. Stumpf, for breach of an oral contract. Appellant alleges that respondent agreed to renegotiate a promissory note entered into between appellant and Zada Stumpf, her mother. Appellant alleges, further, that her signature on the note was a forgery and that respondent acknowledged that the note was a forgery.

Appellant claims that she refrained from bringing suit against the estate having relied on the representations and assurances of respondent and had respondent not made these assurances she would have brought her suit against the estate within the statutory period and would not have been collaterally estopped from pursuing her claim.

At the trial, appellant, acting *pro se*, attempted to elicit evidence from a variety of witnesses, to prove her case. Some of appellant's questions were incomprehensible. Other questions were leading and most questions called for hearsay responses. Appellant also tried to admit into evidence several unauthenticated documents. Respondent's objections to appellant's questions were for the most part all sustained by trial court resulting in very little evidence actually being admitted. At the close of appellant's case respondent moved for a directed verdict on the grounds that appellant had not met her burden of proof in the case. The trial court sustained the motion and this appeal followed.

On appeal appellant alleges that the trial court erred by excluding testimony of witnesses, letters, and minutes of a family meeting held to discuss the estate of Mrs. Stumpf, because such evidence was essential to proving her claim. Appellant, further, alleges that the trial court should not have sustained respondent's directed verdict motion because appellant had proved her claim. Appellant finally claims that respondent's attorney had treated her unfairly because he had an interest in the case as respondent's attorney and that she was thereby prejudiced.

■ At trial, appellant tried to ask witnesses a variety of hearsay questions. The questions sought to elicit what certain people had said at a family meeting shortly after the death of Mrs. Stumpf. The law has long held that a hearsay statement is a statement of another, reported in court by a witness, who offers it to prove the truth of the matter asserted therein. *In Interest of A.M.K.*, 723 S.W.2d 50 (Mo.App.1986). The record is clear that the purpose of the questions was to prove the facts asserted through the unsworn out of court statements of others. We must, therefore, defer to the trial court's discretion in excluding the statements.

■ Concerning the letter and the minutes of the family meeting, the trial court did not abuse its discretion in refusing to admit them into evidence because no foundation was laid to show the documents authenticity. The authenticity of a document cannot be assumed, what it purports to be must be established by proof. *Collins v. West Plains Memorial Hospital*, 735 S.W.2d 404, 407 (Mo.App.1987). In the case before us, appellant offered no evidence to prove the document's authenticity.

■ Turning to the trial court's granting of a directed verdict in favor of respondent, we can also find no error. In reviewing a directed verdict in favor of defendant, we view the evidence and inferences in the light most favorable to plaintiff and disregard all contrary evidence and inferences affirming if reasonable grounds support the directed verdict. *Fly v. Royal Auto Repair*, 747 S.W.2d 237 (Mo.App.1988). In the case before us appellant offered virtually no admissible evidence to the trial court. The only evidence of substance admitted were three letters between appellant and respondent's attorney. Due to the total lack of proof we can find no error on the part of the trial court in directing the verdict.

■ Appellant's final point, that respondent's attorney acted improperly toward appellant is without merit. Early in the administration of the estate respondent's attorney advised appellant to hire her own attorney to represent her in the probate case. Respondent's attorney also informed appellant of his role as the attorney for the personal representative of the estate. Rule 4.3 of the Rules of Professional Conduct provides:

In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunder-

stands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

The comment to Rule 4.3 further provides that:

An unrepresented person, particularly one not experienced in dealing with legal matters, might assume that a lawyer is disinterested in loyalties or is a disinterested authority on the law even when the lawyer represents a client. During the course of a lawyer's representation of a client, the lawyer should not give advice to an unrepresented person other than the advice to obtain counsel.

In a letter dated July 31, 1986, respondent's attorney wrote a letter to appellant which stated:

[D]ue to my role as the attorney for the personal representative of your mother's estate, I think any advice or information that I give you regarding your mother's estate would not be believed by you and would be a waste of your time and mine. I strongly suggest that you hire an attorney to represent your interest in this case.

This disclosure was sufficient to inform appellant that respondent's attorney was not a disinterested party. We find no impropriety on his part.

A motion for damages for a frivolous appeal was subsequently filed by the respondent and we find, under the facts of this appeal, that the motion is without merit.

Judgment of the trial court affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.