**Patty EDWARDS and Ricky Alvey,
Plaintiffs–Appellants,**

v.

**UNION PACIFIC RAILROAD COMPANY, et al., Defendants–Respondents.**

No. 61882.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 6, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1993.

Application to Transfer Denied
June 29, 1993.

Matthew J. Padberg, St. Louis, for plaintiffs-appellants.

Kim Roger Luther, Katherine L. Butler, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Patty Edwards ("Edwards") and Ricky Alvey ("Alvey") sued Wilma Price ("Price") and Union Pacific Railroad ("UPR") for the wrongful death of their parents, Estes and Ruby Alvey. Edwards and Alvey currently appeal from a judgment entered on a jury verdict assessing Price one hundred percent at fault and UPR zero percent at fault. We affirm.

On June 12, 1988, Price was driving her car westbound on Highway 51, between Poplar Bluff and Sikeston, near the community of Ash Hill. Passengers in Price's car included her husband, Ford Price; her sister, Ruby Alvey; her brother-in-law, Estes Alvey; and her uncle, Melvin McKinsey. At approximately 10:00 a.m., Price intended to cross the Ash Hill railroad crossing so that the group could go and visit a cemetery that was located on the other side of the tracks. However, as Price began to cross the tracks, a UPR train struck her automobile, cutting the car in half. All of the passengers in the car, except Price, were killed instantly.

On August 22, 1988, Edwards and Alvey, the children of Estes and Ruby Alvey, sued Price and UPR. On March 5, 1992, following a three-day jury trial, the jury returned a verdict in favor of Edwards and Alvey, assessing Price one hundred percent at fault and UPR zero percent at fault. The jury awarded Edwards and Alvey $50,000 in damages. On March 19, 1992, Edwards and Alvey filed a motion for a new trial, or, in the alternative, a motion for judgment notwithstanding the verdict. On April 3, 1992, the trial court denied this motion. On April 9, 1992, Edwards and Alvey filed their notice of appeal. We will set forth additional facts, as necessary, throughout the remainder of this opinion.

■ Edwards' and Alvey's first point is that the trial court erred in refusing to admit evidence that both Price and another person, Sherry Miller, were unable to see the oncoming train due to glaring sunlight. Edwards and Alvey argue that this evidence is relevant and admissible on the issue of whether Price kept a careful lookout.

At the outset, we note that substantial deference is given a trial court's decision as to the admissibility of evidence. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). We will not disturb the trial court's decision absent a showing of abuse of discretion. *Id.* The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful and deliberate consideration. *Id.* Moreover, refusal to admit evidence does not constitute reversible error unless it would have changed the result reached. *Sch. Dist. of Independence v. U.S. Gypsum*, 750 S.W.2d 442, 448 (Mo.App.1988). The test for relevancy is whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence. *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991).

■ Here, with regard to UPR, evidence that Price and Sherry Miller were unable to see the oncoming train due to glaring sun-

light is not relevant because the only issue that Edwards and Alvey submitted to the jury with regards to UPR was failure to sound a warning. Moreover, with regard to Price, the only issue that Edwards and Alvey submitted to the jury was failure to keep a careful lookout. Although this evidence may have been relevant to this claim, we are unable to say that the trial court's refusal to admit this evidence was erroneous. For, even if the sunlight testimony was relevant to Edwards' and Alvey's claim, the jury has already assessed Price one hundred percent at fault for the wrongful death of Ruby and Estes Alvey. Thus, admission of this evidence would not have changed the result reached. Edwards' and Alvey's first point is, therefore, denied.

■ Edwards' and Alvey's second point is that the trial court erred in sustaining UPR's objections, during closing argument, to their attorney's arguments that: (1) the train engineer failed to apply the brakes until after impact; and (2) the train engineer and crew misrepresented the speed of the train. Edwards and Alvey contend that these arguments were relevant to the issue of whether the crew kept a careful lookout and sounded a proper warning.

Regulation of closing argument rests largely within the sound discretion of the trial court. *St. Louis Southwestern v. Federal Compress*, 803 S.W.2d 40, 45 (Mo. App.1990). Its ruling in this area will not be disturbed on appeal, absent a clear showing of an abuse of discretion. *Id.*

It is well-settled that it is within the trial court's discretion to limit arguments to the issues, and not to allow a party the opportunity to argue prejudicial matters or urge theories, claims or defenses which the law does not support or which are inconsistent with the trial court's instructions. *Rob–Lee Corp. v. Cushman*, 727 S.W.2d 455, 458 (Mo.App.1987). Allowing Edwards' and Alvey's counsel to argue during closing argument that: (1) the train engineer failed to apply the brakes; and (2) the engineer and crew misrepresented the speed of the train would have presented the jury with a collateral issue: UPR's alleged failure to keep a careful lookout.

Under the instructions tendered, the sole issue for the jury to determine with regard to UPR was whether the railroad failed to sound a warning. Further argument regarding whether the engineer failed to apply the brakes until after impact and whether the engineer and crew misrepresented the speed of the train would not have clarified this issue for the jury, but, rather, would have confused the jury since such argument implies that the railroad failed to keep a careful lookout—an issue which was not submitted. Since this issue was not within the trial court's instructions, it was not error for the trial court to regulate the extent of counsel's closing argument. Edwards' and Alvey's second point is, therefore, denied.

■ Edwards' and Alvey's third point is that the trial court erred in: (1) excluding evidence of the required track speed at the accident site; and (2) refusing to allow their counsel to argue this point during closing argument. Specifically, Edwards and Alvey argue that track-speed was relevant to the issues in that the train crew was required to maintain a certain speed without discretion. Edwards and Alvey further argue that the train crew's failure to maintain this required track speed indicated a lack of attention to duties.

As previously stated, regulation of closing argument rests largely within the sound discretion of the trial court. *St. Louis Southwestern v. Federal Compress*, 803 S.W.2d 40, 45 (Mo.App.1990). Its ruling in this area will not be disturbed on appeal, absent a clear showing of an abuse of discretion. *Id.* Again, it is well-settled that it is within the trial court's discretion to limit arguments to the issues, and not to allow a party the opportunity to argue prejudicial matters or urge theories, claims or defenses which the law does not support or which are inconsistent with the trial court's instructions. *Rob–Lee Corp. v. Cushman*, 727 S.W.2d 455, 458 (Mo.App.1987).

Here, Edwards and Alvey assert that the speed of the train is relevant to show that the crew was inattentive and therefore did not sound the whistle. Counsel, quite simply, failed to clearly delineate this argument at trial. Rather, counsel attempted

to use the speed of the train to allege that UPR failed to keep a careful look out—an issue which was not submitted to the jury. The trial court, therefore, properly sustained UPR's objections. Edwards' and Alvey's third point is denied.

■ Edwards' and Alvey's fourth point is that the trial court erred in excluding deposition testimony from Price on the question of whether anyone exclaimed or shouted out before the accident. Edwards and Alvey argue that this evidence was not hearsay and was relevant to the issue of whether the train crew sounded the whistle prior to impacting the car.

■ It is well-settled that a hearsay statement is a statement of another, reported in court by a witness, who presents it to prove the truth of the matter asserted therein. *Heutel v. Stumpf,* 783 S.W.2d 421, 422 (Mo.App.1989). Evidence is hearsay when its probative force depends, in whole or in part, on the competency and credibility of some person other than the witness. *Emcasco Ins. Co. v. Donnelly,* 607 S.W.2d 460, 462 (Mo.App.1980). It is primarily testimony which consists in narration by one person of matters told him by another. *Id.*

Here, Price's proposed testimony is as follows:

> Q. (By Edwards' and Alvey's attorney to Price) All right. As you approached the intersection and at any time, do you recall hearing either a chime or a bell or a whistle?
>
> A. No. *None of us did. No one said, "Stop. Don't go. There's a train coming," nothing. No one said anything.*

The trial court excluded the highlighted portion of Price's testimony.

The excluded testimony of Mrs. Price was, in effect, that none of the other occupants of the automobile heard a train whistle nor saw the train approaching the crossing or they would have shouted warnings. The proposed testimony therefore amounted to hearsay because it was Mrs. Price's account of what she believed the passengers experienced. We note that "[t]he principal reason for excluding testimony as to statements made by others out of court

is that the test of cross examination, of the person making them at the time they are made, is unavailable as a safeguard against falsification or inaccuracy." *Emcasco Ins. Co. v. Donnelly,* 607 S.W.2d 460, 462 (Mo. App.1980). This is especially true in situations like that at bar since all the passengers in Price's car, except Price, are deceased. The trial court properly excluded her testimony.

■ We also note that Price's answer was non-responsive to Edwards' and Alvey's attorney's question. It, therefore, was also properly excludable on this reason alone. We are unable to say that the trial court abused its discretion. Edwards' and Alvey's fourth point is, therefore, denied.

For these reasons, we affirm the trial court's judgment.

GARY M. GAERTNER, P.J., and SMITH, J., concur.