Beulah HAYES, Plaintiff-Respondent,

v.

NATIONAL SUPER MARKETS, INC., Defendant-Appellant.

No. 41983.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 3, 1981.

Richard H. Ulrich, David L. Baylard, Shifrin, Treiman, Barken, Dempsey & Ulrich, Clayton, for defendant-appellant.

Daniel J. McMichael, Fitzsimmons & Fitzsimmons, Attys., Inc., Clayton, for plaintiff-respondent.

SNYDER, Judge.

Respondent fell and injured herself in appellant's supermarket, sued appellant, and recovered a $7,000 jury verdict. Appellant has appealed from the adverse judgment arguing: (1) the trial court's denial of appellant's motion for directed verdict was error because respondent failed to prove appellant had such actual or constructive notice of the condition which caused respondent's fall so as to impose liability; and (2) the trial court's failure to strike two veniremen for cause was error because the veniremen said they felt respondent would be entitled to damages if she fell in appellant's store regardless of the facts and law presented to them at trial. Appellant's first contention is meritorious, requires reversal of the trial court's judgment, and makes unnecessary any discussion of appellant's second point.

Respondent's evidence at trial was that she slipped and fell as she approached the second checkout counter in appellant's store. She did not know what had caused her fall at the time she fell. Respondent was taken by a man to an office in the back of the store where she gave a statement concerning her accident. After she gave her statement, respondent walked through appellant's store, finished paying for her groceries and left in a taxicab for the hospital. Respondent said a group of people accompanied her as she was leaving the store and that "[t]hey said, 'We will see what caused her to slip and fall.'" In the area of respondent's fall, one of three white men said something like, "Oh, that water. I told you to get this water up. Go get the mop and get it up." Respondent did not know which of the three white men made the statement, but she did see a black man with a mop after the statement was made.

Appellant's manager on duty when respondent fell testified he was called from the dairy department to the front of the store by the head checker and notified of respondent's fall. After respondent told the manager she had fallen, the manager requested respondent show him where the accident occurred. In the general area identified by respondent, the manager found a small spot of water which he wiped up with an apron. The manager then took respondent's statement concerning the accident in a lounge at the rear of the store. They were there for twenty to twenty-five minutes before returning to the front of the store.

■ In its first point on appeal appellant argues that, under the foregoing evidence, respondent failed to adduce proof that appellant had actual or constructive knowledge of the presence of water on the floor

near register two within sufficient time prior to respondent's accident to remedy the condition; that, therefore, respondent did not make a submissible case; and that the trial court erred in not granting appellant's motion for a directed verdict. Appellant's assertions are correct and compel reversal of respondent's judgment.

Respondent testified on direct examination:

"Q. Allright (sic). And do you know what it was that you fell on?

A. Well, at that time I didn't see anything. I didn't look down to look to see. But when I had went back in the office, back in the office—I guess he was the manager—and when he was bringing me back to go get in the car to go to the hospital, well, I heard him say that—oh, they was looking around to see what I slipped on, and he said, 'Well, there is some water.' He said, 'I have told you to get this water. Get a mop and mop it up.'

. . . . .

Q. Allright (sic). Now, first of all, who was it that made the comment about the water?

A. I figured it was the manager, because he said, 'I told you to get the water up. Go get a mop and mop it up.' Then I looked around. I don't know who spoke the word, but I thought, you know, it was the manager.

. . . . .

Q. And while you were standing there, somebody said, 'Get a mop. I told you to clean it up.' Is that correct?

A. When I was coming out, I had went back in the office. He had to take me back in his office, and written it up, and then when he was coming—I was coming out. He said, 'We're going to send you to the hospital.' But when I went to come back, he said, 'Let's see what you slipped on.' And he said, 'Oh, that water. I told you to get this water up. Go get the mop and get it up.' That is what he told somebody, and I did see them with the mop.

MR. ULRICH: I object to the response once again as to no proper foundation as to who was told and who was saying it. It's not admissible.

THE COURT: Be overruled.

Ma'am, I want to ask you one question. Was this the man you went back in the office with?

A. I really don't know. I was dizzy. I don't know."

On cross-examination she repeated that someone said, "They told him, he said, 'I told you to get this water up. Go get a mop and mop it up'" again not identifying specifically the person who said it.

Her testimony at all times was that she heard the statement "I told you to get this water up" when she was returning to the front of the store and after she had been in the office to make a report of the fall.

■ In determining whether a submissible case has been made, the court must consider the evidence and reasonable inferences therefrom in the light most favorable to the plaintiff and must disregard the evidence of a defendant unless it aids the plaintiff's case. *Epple v. Western Auto Supply Co.,* 548 S.W.2d 535, 538[1, 2] (Mo. banc 1977); *Taylor v. F. W. Woolworth Co.,* 592 S.W.2d 210, 211[1] (Mo. App.1979). However, the court is not required or permitted to supply missing evidence or to give plaintiff the benefit of unreasonable, speculative, or forced inferences. *Larrea v. Ozark Water Ski Thrill Show, Inc.,* 562 S.W.2d 790, 792[1–3] (Mo. App.1978); *Levin v. Sears, Roebuck & Company,* 535 S.W.2d 525, 527[3] (Mo.App.1976); *Smith v. Seven-Eleven, Inc.,* 430 S.W.2d 764, 766 (Mo.App.1968); *Brophy v. Clisaris,* 368 S.W.2d 553, 557[1, 2] (Mo.App.1963); see *Kelly v. Dairy Queen Enterprises, Inc.,* 581 S.W.2d 903 (Mo.App.1979).

■ To make a submissible case, respondent was required to prove, in part, that appellant had actual or constructive knowledge of the dangerous condition precipitating respondent's fall. *Taylor v. F. W. Woolworth Co., supra* at 211[2]. Respondent sought to prove appellant had actual

notice of the dangerous condition by introducing the statement in the form of an admission which respondent attributed to the store manager.

■ It was also necessary for respondent to prove appellant's knowledge of the dangerous condition was superior to respondent's, *Kelly v. Dairy Queen Enterprises, Inc., supra* at 905–906[2–5], and that appellant's knowledge was possessed for sufficient time to permit some form of warning or remedial action in order for respondent to make a submissible case. *McIntyre v. M. & K. Department Store, Inc.*, 435 S.W.2d 737, 740[4] (Mo.App.1968). Although in actual notice cases the duration of time that the dangerous condition has existed may be relatively brief and of less significance than in constructive notice cases, the time factor continues to be of importance "as it relates to the issue of whether defendant was aware of the dangerous condition for a sufficient length of time in which, in the exercise of ordinary care, it could have remedied the condition." *McIntyre v. M. & K. Department Store, Inc., supra* at 740[4]; *see Taylor v. F. W. Woolworth Co., supra* at 212[3].

Certain statements attributable to the possessor of land [1] have been held to establish the possessor of land was aware of the dangerous condition for a sufficient time to remedy the condition. *Taylor v. F. W. Woolworth Co., supra* at 211–212[1–3] ("I told the janitor to clean this mess up."); *McIntyre v. M. & K. Department Store, Inc., supra* at 740–741[5] ("that mud I should have cleaned up awhile ago"). The cited cases are distinguishable from the case sub judice.

In *Taylor v. F. W. Woolworth Co., supra*, and *McIntyre v. M. & K. Department Store, Inc., supra*, the statements showing knowledge of the dangerous condition were made almost immediately after the accident. The nature of the statements indicated the speaker would have known of the dangerous condition for sufficient time prior to the accident to have taken corrective action. In *Taylor v. F. W. Woolworth, supra*, the speaker told the janitor to clean up the dangerous condition prior to the accident. In *McIntyre v. M. & K. Department Store, Inc., supra*, the speaker admitted he should have cleaned up the dangerous condition prior to the accident.

The statement of respondent that an order had been given "to get this water up" and upon which respondent's proof of appellant's superior knowledge rested, does suggest the speaker's knowledge of the presence of water on the floor prior to the time of the statement, but the statement was made twenty to twenty-five minutes after the fall. Respondent did not introduce any evidence from which it could be inferred that the order "to get the water up" preceded respondent's fall. The order to clean up the water could have been given after the fall and during the time respondent was in the back of the store making the report of the accident.

Respondent's testimony concerning the statement regarding cleaning water from the floor is disjointed and muddled. Respondent was positive, however, that the statement was made after she had gone to the rear of the store and given a statement concerning the accident to the store manager. Obviously, the statement reported by respondent was made quite some time after respondent's accident. The statement could as easily imply the speaker learned of the water after respondent's accident as before.

■ "An inference is a deduction logically and properly drawn by reason from proven or admitted facts. It is more than and cannot be predicated upon mere surmise or

1. Appellant has argued respondent failed to prove any statement concerning cleaning up water was made by appellant through appellant's store manager. Respondent testified the statement was made by one of three white men but equivocated whether appellant's store manager was one of the three white men. Nonetheless, the inference the statement concerning mopping up the water was made by appellant's employee is not improper. It is unlikely that anyone other than appellant's employee would make a statement such as "I told you to get this water up." It is also unlikely someone would mop up an area in appellant's store upon instruction if not an employee instructed by his supervisor.

conjecture." [Footnotes with citations omitted.] *Smith v. Seven-Eleven, Inc., supra* at 769[4]. Given the evidence upon the issue, any conclusion that appellant's employees had knowledge of water on the floor prior to respondent's fall would be sheer speculation and surmise. *See Smith v. Seven-Eleven, Inc., supra* at 767–770.[2]

This court, after giving full consideration to the evidence and all inferences favorable to respondent, finds that respondent failed to prove appellant's superior actual knowledge of the condition producing respondent's fall. Respondent did not present a submissible case.

The judgment is reversed and the cause remanded with directions to set aside the verdict and judgment and enter judgment for appellant in accordance with its motion for directed verdict.

CRIST, P. J., and REINHARD, J., concur.

**2.** In *Smith v. Seven-Eleven, Inc.*, 430 S.W.2d 765 (Mo.App.1968), the court held that any finding that plaintiff's heel tore out a piece of matting from the stair upon which plaintiff fell at approximately 1 p. m. on October 31 would not be a proper inference but would be sheer surmise under evidence that defendant's store manager left the store between 3 and 5 p. m. on October 30 and discovered the tear in the matting sometime after 7 a. m on November 1.