Gia Maria MOSS, Plaintiff-Appellant,

v.

KOZENY–WAGNER CONSTRUCTION COMPANY, Defendant-Respondent.

No. 42882.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 1, 1981.

GUNN, Judge.

Plaintiff appeals from a defendant's verdict in her personal injury action as a result of driving into the rear end of defendant's parked trailer. Her appeal raises three points of alleged trial court error: (1) allowing and subsequently rejecting testimony regarding the non-occurrence of other accidents at the collision site; (2) a comment by defendant's counsel during closing argument; (3) permitting an instruction on failure to keep a careful lookout. We affirm.

In the early hours of morning—about 4:00 a. m.—as plaintiff was driving on U.S. Highway 40 in St. Louis at an area known as the Vandeventer Street Overpass, she struck the rear of defendant's parked construction trailer. Defendant was involved in substantial highway and overpass construction work in the area. There was no dispute that plaintiff was fully aware that the trailer was parked alongside the thoroughfare from having seen it there on prior occasions.[1] As a result of her awareness of the trailer, plaintiff was accustomed to driving at a reduced rate of speed in the construction area. Also, there was no dispute that the construction area had been bountifully provided with warning signs, lights and decorated barrels. The conflict in evidence arises over whether a portion of the trailer extended on to the highway, whether there were any specific warning signs to indicate the placement of the trailer and whether plaintiff's earlier night and morning drinking of beer may have affected her perception. Plaintiff's evidence was favorable to her on these issues; defendant's evidence was the opposite. In any event, the jury found in favor of defendant.

Plaintiff's first point on appeal concerns defendant's counsel's inquiry of his own witness as to whether any other vehicles had encountered problems moving around the trailer during the construction period. Plaintiff's counsel objected to the line of inquiry on the ground of relevancy.

Daniel R. Devereaux, Frances M. Luehrman, St. Louis, for plaintiff-appellant.

Joseph H. Mueller, St. Louis, for defendant-respondent.

1. "Q. [Defendant's counsel] All right. In fact, you saw the trailer parked before the accident on more than one occasion, too, didn't you, Miss Moss? A. [Plaintiff] Yes, sir."

The trial court overruled the objection, and the witness responded that no problems had occurred, with plaintiff's counsel requesting that the answer be stricken. Again, the trial court overruled this latter request. But after some reflection and with specific reference to *Gilbert v. Bluhm*, 291 S.W.2d 125 (Mo.1956), and *Haverkost v. Sears, Roebuck & Co.*, 193 S.W.2d 357 (Mo.App.1946), holding the absence of previous accident or complaint to be irrelevant and inadmissible, the trial court sustained the objection and directed the jury to disregard the answer. This action was apparently to plaintiff's total satisfaction, as, after the trial court's action, plaintiff requested no further relief. Now, plaintiff urges that reversal and remand is warranted. But her complaint as to trial court error comes too late on this appeal. The trial court cannot be convicted of misconduct or error, for it did precisely what plaintiff requested in directing the jury to disregard the line of inquiry. *Underwood v. Crosby*, 447 S.W.2d 566, 570 (Mo.banc 1969); *McDowell v. Schuette*, 610 S.W.2d 29, 41 (Mo.App.1980); *Burian v. Dickens*, 527 S.W.2d 26, 28 (Mo.App.1975). Furthermore, it is presumed that the jury has followed the trial court's directions to disregard the remarks which were made and that its action has cured whatever flaws might have occurred, particularly as plaintiff seemed satisfied at the time. *Callaway v. Lilly*, 605 S.W.2d 155, 159 (Mo.App. 1980).

■ Plaintiff directs her next attack at defendant's closing argument as making an improper comment on the law. Defendant submitted and the trial court gave the following contributory negligence instruction based on MAI 32.01(1), 17.05 and 11.03:

> Your verdict must be for defendant if you believe: First, plaintiff failed to keep a careful lookout, and Second, plaintiff was thereby negligent, and Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.
>
> The term "negligent" or "negligence" as used in this instruction means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

During closing argument, in reference to the instruction, defendant's counsel made the following statement:

> If plaintiff's failure to exercise the highest degree of care either caused or directly contributed to cause any damage, she's not entitled to recover. You know what it means to contribute. We all contribute. We're all asked to contribute on a regular basis, whether it's at church or whether it's United Way or whatever your charity is, and you may only contribute a buck, but you're still contributing. That's what contribute means in this instruction and that's what His Honor is telling you.

■ Acknowledging that the remarks of defendant's counsel are vague and open to several interpretations, plaintiff suggests that the comment is a misstatement of the law amounting to reversible error. Plaintiff compares the remark to that made in *Walsh v. Southtown Motors Co.*, 445 S.W.2d 342, 350 (Mo.1969), finding that it is not the law that a defendant is entitled to a verdict if plaintiff's injury is caused in any degree by lack of care by the plaintiff. But we do not read defendant's statement in this case to coincide with that in *Walsh v. Southtown Motors Co.* In any event, without determining the propriety of the remark, except to stress that counsel should forebear from similar comment, it is sufficient here to apply the fundamental precept that the trial court is vested with broad discretion in controlling argument of counsel and determining the prejudicial effect thereof. By such principle the trial court is entitled to deference in its rulings. *Dunn v. St. Louis-San Francisco Ry. Co.*, 621 S.W.2d 245, 254 (Mo.banc 1981); *Parker v. Pine*, 617 S.W.2d 536, 543 (Mo.App.1981). We find no abuse of that discretion in this case.

■ Finally, plaintiff postulates that the contributory negligence instruction submitted by defendant and given by the trial court was not supported by substantial evi-

dence. From the facts recited and in viewing the evidence in the light most favorable to the verdict, we find that there was substantial evidence to support the instruction. It was proper in this instance. *Ensor v. Hodgeson*, 615 S.W.2d 519, 523 (Mo.App. 1981); *Stanfill v. City of Richmond Heights*, 605 S.W.2d 501, 504 (Mo.App.1979); *Hawkins v. Whittenberg*, 587 S.W.2d 358, 361 (Mo.App.1979); *Corbin v. Wennerberg*, 459 S.W.2d 505 (Mo.App.1970). After all, the issue of contributory negligence under these facts was a proper matter for jury determination. *Burke v. Moyer*, 621 S.W.2d 75, 80 (Mo.App.1981).

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.