Ethel TUCKER, Plaintiff-Appellant.

v.

DELMAR CLEANERS, INC., Defendant-Respondent.

No. 44580.

Missouri Court of Appeals, Eastern District, Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

Kenneth K. Vuylsteke, St. Louis, for plaintiff-appellant.

Robert H. Koester, Daniel J. McAuliffe, Clayton, for defendant-respondent.

SNYDER, Judge.

This is a libel action brought by Ethel Tucker against Delmar Cleaners, Inc. A jury verdict awarded Mrs. Tucker $15,000 in actual and punitive damages after which the trial court granted Delmar Cleaners, Inc.'s motion for judgment notwithstanding the verdict. Mrs. Tucker appealed.

The determinative issue is whether there was sufficient evidence of publication to submit that question to the jury. This court finds there was not and affirms the judgment.

Ethel Tucker was employed by Delmar Cleaners, Inc. as a laundry marker from April 4, 1978 to March 16, 1979. On Sunday, March 18, 1979, she sustained injuries in an automobile accident and was unable to report for work the following Monday. Appellant Tucker subsequently telephoned the president of Delmar Cleaners, Inc., Loretta Reinhardt, several times to inform Mrs. Reinhardt that Mrs. Tucker's doctor had not released her to work. Sometime between April 20 and April 27, 1979, Mrs. Reinhardt informed Mrs. Tucker that there was no longer a position for her at Delmar Cleaners, Inc.

Appellant then applied for and began receiving unemployment benefits. On May 17, 1979, Mrs. Reinhardt wrote a letter to the Missouri Division of Employment Security in what the Division treated as an appeal from the award of unemployment benefits. Certain portions of that letter were read to the jury below and form the basis for this suit:

> Evidently she was trying to get a large insurance settlement. She is getting welfare—child support—rent supplement and now you want to give her compensation. How much free money are you going to give these people. This is not fair to the tax paying people. They take off for every whipstick to see social workers—go here and go there which is not right.
>
> If you want her to have it, take it out of your pocket or Governor Teasdale or President Carter's pocket and not out of an honest tax payers [sic] pocket who has to work 12 to 16 hours a day just to provide a job for this type of people who try to make a fool out of you. Come on and wake up—These people live far better off than 90% of the white people.
>
> Sincerely,
> L. M. Reinhardt
>
> cc: Gov. Teasdale
>   Pres. Carter

Appellant received a copy of the letter when she was notified of the appeal by the Division. She then filed suit against respondent, Delmar Cleaners, for libel.

Although Mrs. Reinhardt, called by appellant as an adverse witness, admitted the letter introduced as Exhibit A by appellant was an exact copy of the letter she sent to the Division, she denied sending carbon copies of the letter to President Carter or Governor Teasdale.

Mrs. Reinhardt testified that her secretary, Carol Skilyon, typed the letter. On the morning of the trial, the appellant's attorney attempted to subpoena Ms. Skilyon, but was informed by Mrs. Reinhardt, in her testimony, that Ms. Skilyon had gone home early. During oral argument before this court, appellant's attorney admitted that no other attempt to subpoena Ms. Skilyon had been made.

No other evidence was offered to prove that the appeal letter had been actually sent or received by Governor Teasdale or President Carter.

The trial court's judgment notwithstanding the verdict was based on a finding that the letter to the Missouri Division of Employment security was a privileged communication under § 288.250 R.S.Mo. 1981 Supp., was not the best evidence, and that there was insufficient evidence of publication.

Appellant raises three points on appeal. First, she claims there was sufficient conflicting evidence regarding publication of the letter to create a jury question. Second, she argues that any privilege claimed for the libelous letter was lost by publishing it to parties outside the Division of Employment Security. Finally, appellant contends that the copy of the letter introduced into evidence was admitted to be true and accurate by the defendant and was therefore admissible in spite of the best evidence rule. The first point regarding publication is ruled against appellant. Therefore, it is unnecessary to consider the other two points raised.

■ In Missouri, conduct comprising the tort of libel has been broken down into three elements: composition of a statement, its writing, and its publication. *Herberholt v. dePaul Community Health Center,* 625 S.W.2d 617, 624[8] (Mo. banc 1981) citing *Dobbin v. Chicago, R. I. & P. Ry. Co.,* 157

Mo.App. 689, 138 S.W. 682 (1911). Thus, publication, the element of libel at issue here, is an essential ingredient of actionable defamation. 50 Am.Jur.2d Libel and Slander, § 146.

■ Proof of publication of libelous matter requires (1) a showing that the defendant was aware the matter was, or probably might be, libelous; and (2) that the defendant delivered, or caused to be delivered, the libelous matter to some third person. *Brown v. Chicago, Rock Island & Pacific Railroad Co.,* 212 F.Supp. 832, 833–34[1] (W.D.Mo.1963). The libelous nature of the letter was not called into question by respondent.

■ At issue here is whether the evidence is sufficient to prove publication. The sending of the letter to the Division of Employment Security did not fulfill the publication requirement, because § 288.250 RSMo.1981 Supp.[1] provides that information obtained by the Division in the administration of the employment security law is privileged and may not be used as a basis for a libel action.

■ Therefore, the appellant must have proved that the letter was delivered to a third party outside the agency, i.e. to President Carter or Governor Teasdale. She failed to offer the necessary proof.

■ In her attempt to make her case, appellant Tucker relies on the "cc: Governor Teasdale, President Carter" notation at the bottom of the letter. But Mrs. Reinhardt, the appellant's witness and the author of the letter, testified that although she intended to include the notation on the letter, she did not send a copy of the letter to either party. Because Mrs. Reinhardt was called as appellant's witness, the appellant was bound by Mrs. Reinhardt's testimony unless appellant was able to provide evidence to the contrary. *Zabol v. Lasky,* 555 S.W.2d 299, 304[1–3] (Mo. banc 1977).

1. Section 288.250 reads: "Information obtained from any employing unit or individual pursuant to the administration of [the Employment Security law], shall be held confidential and shall not be published or be open to public inspection ... Any information obtained by the divi-

sion in the administration of this law *shall be privileged and no individual or type of organization shall be held liable for slander or libel on account of any such information.*" (Emphasis added).

Appellant cites *Ramacciotti v. Zinn*, 550 S.W.2d 217, 223[4] (Mo.App.1977) for the proposition that when there is conflicting evidence of publication, the question of sufficiency of publication is for the jury. There is not enough conflicting evidence of publication in Mrs. Reinhardt's testimony. She was appellant's own witness and admitted writing the letter, but she testified that sometimes she sent carbon copies of letters to persons who were marked for them and sometimes she did not. She testified unequivocally that she had not sent a copy of the letter in litigation to the governor or the president. Appellant is bound by that testimony, *Zabol v. Lasky, supra*. No jury issue there.

■ But, appellant argues, the failure of Carol Skilyon, the secretary who typed the letter, to testify, created an inference that copies of the letter had been sent to Governor Teasdale and President Carter and provided enough conflicting evidence to take the publication issue to the jury. This argument also fails. No inference unfavorable to respondent may be drawn because of her failure to call Ms. Skilyon as a witness. Respondent presented no evidence and was not required to do so. The burden of proof was on appellant.

The case went to the jury after plaintiff-appellant rested. No inference unfavorable to respondent can be drawn because it chose to stand on its motion for a directed verdict and not present any evidence. No cases were cited by appellant, and research has not disclosed any, which permit an inference unfavorable to a party to be drawn because of the failure of that party to call a witness when the party does not put on a case. A party is not required to choose between possibly helping an opponent's case or being penalized for not doing so. Appellant could have taken Ms. Skilyon's deposition (no deposition was included in the record) or she could have been more aggressive in her subpoena efforts if she wanted Ms. Skilyon's testimony.

Moreover, even assuming the unfavorable inference that Ms. Skilyon's testimony would have conflicted with Mrs. Reinhardt's concerning the mailing of copies of the letter to the president and the governor, that inference would not carry enough evidentiary weight to take the fact question of the mailing of the copies to the jury. It would permit a jury to base its finding on rank speculation and conjecture.

■ Although it is true that in determining whether a submissible case has been made, the court must consider "the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiffs," the court is "not required or permitted to supply missing evidence or give the plaintiff the benefit of unreasonable, speculative, or forced inferences." *Hayes v. National Super Markets, Inc.*, 612 S.W.2d 819, 821[2] (Mo.App.1981); *Larrea v. Ozark Water Ski Thrill Show*, 562 S.W.2d 790, 792[1–3] (Mo.App.1978); *Brophy v. Clisaris*, 368 S.W.2d 553, 557[1, 2] (Mo.App. 1963).

■ The appellant offered no other evidence to support a finding that the letters were mailed or received. Without such evidence, the appellant has failed to meet the burden of proof necessary to establish publication. "It is universally held that an essential element of plaintiff's case cannot be left to guess or conjecture, or be established by piling inferences." *Antweiler v. Prudential Insurance Co. of America*, 290 S.W.2d 652, 654[3] (Mo.App.1956).

The evidence was not sufficiently in conflict to justify submitting the publication issue to the jury. See *Ramacciotti v. Zinn*, 550 S.W.2d 217, 223[4] (Mo.App.1977).

It is therefore unnecessary to consider the other points raised by the appellant. *Kappel v. Slickman*, 401 S.W.2d 451, 455[6] (Mo.1966).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.