**ROB–LEE CORPORATION, Appellant,**

v.

**John CUSHMAN d/b/a Cushman & Sons Diesel Service, Respondent.**

No. 50765.

Missouri Court of Appeals, Eastern District, Division One.

April 7, 1987.

Jerome Wallach, St. Louis, for appellant.

Paul E. Kovacs, Clayton, for respondent.

KELLY, Presiding Judge.

Appellant Rob-Lee Corporation appeals from the judgment of the trial court following a jury verdict in favor of respondent John Cushman d/b/a Cushman & Sons Diesel on appellant's action against respondent and on respondent's counterclaim for storage charges.

We affirm the judgment of the trial court.

The underlying facts are not in dispute. Appellant is an over-the-road trucking company and respondent is engaged in the business of repairing such trucks. In November of 1979 respondent performed a chassis overhaul on one of appellant's trucks. This was the first chassis overhaul performed for appellant by respondent during the parties' ongoing business relationship. After completion of the work on the truck, it was returned to appellant on a Friday. The truck was not used over the weekend. The following Monday an employee of appellant informed his supervisor that the truck would not start. After inspecting the truck, appellant immediately communicated to respondent that the truck's radiator appeared frozen. The truck was returned to respondent's shop. After an examination respondent reported to appellant that, due to a lack of antifreeze, the truck's engine block was frozen. At that point appellant authorized no repairs, and took no action to remove the truck from respondent's possession. Respondent stored the truck in a vacant stall inside its shop for nearly two years before having its wrecker company tow the vehicle away.

During trial there was conflicting testimony regarding whether respondent had been advised to replace the antifreeze in appellant's truck. Respondent maintained it was under instructions by appellant not to replace the antifreeze, and that it was

the practice of appellant to replace its own antifreeze. Appellant unequivocally denied both assertions.

In attempting to prove their positions, both parties introduced into evidence with no objection respondent's repair order for the chassis overhaul work. The repair order was a standardized form which contained all pertinent information regarding the repair of the truck as well as warranty language relating to certain repairs. Appellant used this exhibit in a very limited manner during trial. Appellant called the date of the repair order and the amount of the repairs to the jury's attention. Respondent made one reference to the exhibit to show that the radiator was drained around November, 1979. The remainder of the document was not read or discussed by either party, nor was it passed to the jury for inspection.

During the rebuttal portion of closing arguments, however, appellant began to read that portion of the exhibit pertaining to the warranty language which had not been read or discussed during the evidentiary phase of trial, or during the initial closing argument of either party. The court sustained respondent's objection to the reading of that portion of the exhibit. Later, during jury deliberations, the court denied the jury's request to see the exhibit.

Appellant raises on appeal trial court error in denying appellant's request to read and argue from an exhibit during rebuttal closing argument, and error in refusing to deliver the same exhibit to the jury upon the jury's request to examine the exhibit during deliberations.

■ In challenging the trial court's decision restricting the use of the exhibit, appellant's main argument rests on the prevailing rule that where a written document is admitted into evidence, the entire contents of the document are admitted, absent specific objections to admit it on a partial basis. _Lawson v. Schumacher & Blum Chevrolet Inc._, 687 S.W.2d 947[4] (Mo.App. 1985). This view has long been followed in Missouri since _Sikes v. Riga_, 221 Mo.App. 152, 297 S.W. 727[8] (1927) and _Dayton Folding Box Co. v. Danciger_, 161 Mo.App.

640, 143 S.W. 855[5] (1911). Thus, _Lawson_ and its forerunners make clear that there is no basis to later object about the admittance of a document, in whole or in part, once the trial court has admitted the document into evidence.

Appellant is correct in its analysis of Missouri case law regarding the admission of documents into evidence. However, this analysis is misapplied. Appellant here attempted to argue from an exhibit during closing argument. The issue is not the right to argue from evidence admitted without objection as the appellant suggests, but rather the right and duty of the trial court to control counsel's conduct during closing argument.

It is a well known principle that the trial court is vested with broad discretion in controlling argument of counsel and determining the prejudicial effects therein. _Eddings v. Keller_, 400 S.W.2d 164[6] (Mo. 1966); _Moss v. Kozeny-Wagner Const. Co._, 625 S.W.2d 688[3] (Mo.App.1981). The trial court also has considerable discretion in monitoring the content of closing argument. _Hoover's Dairy, Inc. v. Mid-American Dairymen_, 700 S.W.2d 426[15] (Mo. banc 1985); _Pfeffer v. Kerr_, 693 S.W.2d 296[10] (Mo.App.1985). In _Hoover's Dairy_ this court stated: "Determining the prejudicial effect of final argument is a matter within the discretion of the trial court, and the trial court's judgment on that matter will not be disturbed unless there was an abuse of discretion." [citations omitted] 700 S.W.2d at 434[15]. Absent a clear abuse of discretion, the trial court's ruling will stand. _Norfolk and Western Railway Co. v. Greening_, 458 S.W.2d 268[9] (Mo.1970).

During the trial, neither party discussed or explained any type of warranty claim. In the course of final argument, counsel for appellant, in referring to the repair order, stated: [Counsel]: "This is all the stuff he [respondent] did on the truck but at the end he warrants it." Respondent immediately objected. During the bench conference appellant argued that he did not intend to read from the exhibit to show warranty, but rather to show the absence of an antifreeze exception to the warranty.

Respondent pointed out that even if appellant did not intend to argue a warranty theory, the exceptions to the warranty were inseparable from the warranty language itself, and would, thus, confuse the jury.

■ We agree with respondent. It is well settled that it is within the trial court's discretion to limit arguments to the issues, and not to allow a party the opportunity to argue prejudicial matters or urge theories, claims, or defenses which the law does not support or which are inconsistent with the trial court's instructions. *Hart v. Forbes*, 633 S.W.2d 90[1, 2] (Mo.App.1982); *Carrel v. Wilkerson*, 507 S.W.2d 82[1–3] (Mo.App. 1974). Allowing the appellant to read the warranty provisions of the repair order to the jury would have presented the jury with a prejudicial, collateral issue conflicting with the trial court's instructions.

Under the instructions tendered, the sole issue for the jury to determine was the negligence of respondent. The exhibit of the written warranty would not have clarified the issues as appellant contends, but would have confused any claims or defenses before the jury in its deliberations on a case submitted on a negligence theory. Therefore, the trial court did not abuse its discretion in refusing to allow appellant to argue from the exhibit during rebuttal closing argument.

■ It is also within the trial court's discretion to refuse to pass an exhibit to the jury, whether the exhibit is in evidence or not. In *Zagarri v. Nichols*, 429 S.W.2d 758[4, 5] (Mo.1968), the Missouri Supreme Court stated as follows:

> While generally a jury may be permitted to take to the jury room or send for articles used during the trial to illustrate or explain the testimony of witnesses, the allowance or non-allowance of a request for such articles is a matter resting within the sound judicial discretion of the trial judge, and it is improper and erroneous to allow the jury to have articles not properly in evidence which would

tend to influence the verdict. [citations omitted]

429 S.W.2d at 761[4, 5].

■ The inherent danger of passing the exhibit to the jury was the possible consideration of a warranty issue by the jury in its determination of the merits of a negligence claim. If the exhibit had been passed to the jury it would have allowed the jury to consider warranty language which was ambiguous, misleading and irrelevant to the issue of respondent's negligence. The trial court acted properly in refusing the jury's request to view the document during deliberations.

■ Respondent's brief is most persuasive in arguing further that the absence of any antifreeze exception in the warranty language of the exhibit does not tend to prove the issue for which it was presented—that respondent's failure to replace the antifreeze constituted negligence. Respondent contends appellant's use of an adverse inference to prove its case was insufficient because it was not supported by the evidence, but instead arrived at by impermissibly "pyramiding inferences." The adverse inference appellant attempted to present was that respondent's failure to notate on the exhibit an exception to the warranty regarding antifreeze compels the conclusion that respondent was supposed to replace the antifreeze in appellant's truck.

We agree with respondent that this conclusion does not logically follow. The jury could not directly infer from appellant's argument that respondent was to replace the antifreeze. In fact, there are a number of other possibilities that the jury could infer. Among these are (1) an antifreeze exception was never considered; (2) the warranty was good without regard to who was to add the antifreeze; or (3) respondent did not warrant work it was not instructed to do. In order for the jury to reach the same conclusion advanced by appellant would require the jury to draw additional inferences from the original inference.

■ Appellant may draw any number of inferences so long as each has a factual

foundation. However, an ultimate inference arrived at solely by basing an inference on an inference which is unsupported by the facts is not allowed. *Morris v. E.I. Du Pont de Nemours & Co.*, 109 S.W.2d 1222[6, 7] (Mo.1937); *Martin v. St. Louis-San Francisco Ry. Co.*, 46 S.W.2d 149[2] (Mo.1931); *Tucker v. Delmar Cleaners*, 637 S.W.2d 222[8] (Mo.App.1982); *Powell v. Watson*, 526 S.W.2d 318[11] (Mo.App.1975). The reasoning behind not allowing piling of inferences unsupported by the facts of a case was clearly explained in *Wills v. Berberich's Delivery Co.*, 134 S.W.2d 125, 129–30[3–6] (Mo.1939):

> The rule prohibiting the piling of inferences is applied when necessary to guard against attenuated reasoning, as where an initial inference is drawn from a fact, and other inferences are built solely and cumulatively upon the first, so that the conclusion reached is too remote and has no sound logical foundation in fact.

> \* \* \* \* \* \*

> ... [T]he rule against piling inferences is not a general rule applicable to all situations; but is a rule of reason governing only when the proven facts and the reasonable implications furnish no basis for agreement or disagreement by persons of average intelligence as to whether the factum probandum has been established. (citations omitted)

Here, appellant failed to present any evidence during trial regarding respondent's manner in preparing its repair orders, respondent's practice in warranting its work, or respondent's practice in making exceptions to its warranties. That respondent was negligent would follow only if it were shown that respondent's practice was always to except from its warranty any work that the customer himself was to do. Only then could one deduce that the failure to except antifreeze from the warranty implied that respondent, and not the customer, had the obligation to replace the antifreeze.

Our finding that the trial court did not abuse its discretion, and that allowing appellant to argue from the exhibit would have led to impermissible "pyramiding of inferences" leads us to affirm the judgment of the trial court.

CRIST and SMITH, JJ., concur.