Mary C. SULLIVAN, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 22077.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 1998.

**340**

Jeremiah W. (Jay) Nixon, Atty. Gen., Craig F. Martin, Asst. Atty. Gen., Jefferson City, for Appellant.

Thomas E. Loraine, Roger M. Gibbons, Osage Beach, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

On July 29, 1995, Highway Patrol Corporal Robert Haymes stopped Mary C. Sullivan ("Respondent") for speeding in Camden County. Upon approaching the vehicle, Corporal Haymes noticed that Respondent's eyes were bloodshot and her breath smelled of alcohol. He requested that Respondent perform a variety of field sobriety tests, including the ABC's, counting backwards by threes beginning with number 33, one-leg stand, and horizontal gaze nystagmus. Respondent paused a few times during the ABC's, and failed each of the other three tests administered. Corporal Haymes took Respondent to the Lake of the Ozarks Police Department where he administered a breath test. The test indicated that Respondent's BAC was .12%. The Director of Revenue ("Director") suspended Respondent's driver's license. The suspension was upheld following an administrative hearing, and Respondent requested a trial *de novo* pursuant to § 302.535.[1] During Respondent's initial trial *de novo*, the court reinstated Respondent's driver's license, holding that Respondent had been stopped without probable cause. This Court reversed that decision in *Sullivan v. Director of Revenue*, 936 S.W.2d 580 (Mo. App. S.D.1996), and remanded the case for a new trial. After the close of Director's evidence at the new trial, the court held that Director failed to meet her burden of proof because the maintenance examiner of the breath analysis machine failed to appear and testify. Thereafter, the court reinstated Respondent's driver's license. The Director now appeals. We reverse and remand.

In her sole point on appeal, Director contends that the court erred in setting aside the suspension of Respondent's driver's license, because Director met her burden of proof by showing that there was probable cause for the arrest and that Respondent's

1. Statutory references are to RSMo 1994 unless otherwise indicated.

blood alcohol content was greater than .10%. She argues that the maintenance examiner's testimony was not necessary to Director's case, because proof of proper maintenance is unnecessary when the test results are admitted without objection by opposing counsel. We agree.

When reviewing the suspension of a driver's license after an administrative hearing, the trial court must ordinarily determine only the following: 1) whether the person was arrested; 2) whether the arresting officer had probable cause for the arrest; and 3) whether the person's BAC was at least .10% by weight. *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491 (Mo.App. S.D.1996). If a breathalyzer test is the method used to establish a prima facie case on the BAC content, and a timely objection is made to the admission of the test results, the proponent of the results must establish the following: 1) that a maintenance check has been performed on the breathalyzer machine within 35 days before the testing; 2) that the test was performed by following approved techniques and methods of the Department of Health; 3) that the operator of the machine held a valid permit; and 4) that the equipment and devices used were approved by the Department of Health. *Id.*

Proof of the above foundational requirements for admission of the test results is wholly unnecessary, however, where the results are admitted into evidence without objection. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995); *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 341 (Mo. banc 1992). When evidence of the test results is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection. *Reinert*, 894 S.W.2d at 164; *Tidwell*, 931 S.W.2d at 491.

At the new trial, Corporal Haymes described the procedure that he followed in administering the breathalyzer test on Respondent. Before he testified about the BAC results of the test, however, Respondent objected, stating that Director had not shown that the proper maintenance checks had been

performed on the BAC verifier or that the testing machine was operating in compliance with the Department of Health regulations. The court took this objection under advisement. Later in the trial, Director attempted to introduce three exhibits into evidence. One of these exhibits, Exhibit A, was a checklist purporting to show the steps that Corporal Haymes followed in administering the breath test on Respondent. The checklist, however, included a statement that Respondent's breathalyzer test indicated that she had a BAC of .12%. While the court was attempting to clarify which of the exhibits Respondent objected to, the following colloquy occurred:

Court: All right. Let's go down through here and see what we have now.... We have Exhibit A, which was signed by Trooper Haymes, which was referred to and—and held previously. Do you have an objection to Exhibit A?

[Respondent's Counsel]: The only objection I would have is subject to—

Court: To Exhibit A is there an objection?

[Respondent's Counsel]: No objection. No—

Court: Exhibit A is admitted.

Although Respondent had previously objected to the admission of the test results, this Court cannot ignore the fact that she expressly consented to the admission of Exhibit A, which included the test results. As such, Respondent waived any objections she may have had to the admission of the test results. When a written document is admitted into evidence, it is admitted in its entirety, absent a request that only portions be admitted. *Lawson v. Schumacher & Blum Chevrolet Inc.*, 687 S.W.2d 947, 953 (Mo.App. S.D.1985); *Rob–Lee Corp. v. Cushman*, 727 S.W.2d 455, 457 (Mo.App. E.D. 1987). There is no basis to later object about the admission of a document, in whole or in part, once the trial court has admitted it in evidence. *Lawson*, 687 S.W.2d at 953; *Rob–Lee Corp.*, 727 S.W.2d at 457.

In this case, Respondent expressly consented to the admission of Exhibit A. As such, she consented to the admission of its

entire contents, including the test results showing a BAC of .12%.

Respondent does not dispute Director's evidence in establishing probable cause for her arrest. In her brief, she concedes that "there was evidence presented at trial which tends to show probable cause for her arrest." She maintains, however, that "the trial court did not err in setting aside the suspension of her driving privileges because [Director] failed to prove that [Respondent] had a[BAC] of .10% or more." Because Director presented evidence through Exhibit A that Respondent possessed a BAC level of .12%, however, Director established that Respondent's BAC was at least .10% As such, Director proved a prima facie case against Respondent, thereby supporting the suspension of Respondent's driver's license. In erroneously ruling for Respondent at the close of Director's case, however, the court foreclosed Respondent's opportunity to present a defense. This cause is remanded to the trial court so that Respondent may be afforded the opportunity to present a defense.

We reverse and remand so that Respondent may present a defense.

MONTGOMERY, J., and BARNEY, J.— concur.