**Richard A. LOFGREN, Plaintiff,**

v.

**BNSF RAILWAY COMPANY, Defendant.**

**Case No. 4:15–cv–83**

United States District Court, D. North Dakota.

Signed February 6, 2017

Richard L. Carlson, Cortney S. Leneave, Hunegs, Leneave & Kvas, Wayzata, MN, for Plaintiff.

---

Timothy R. Thornton, Jonathan P. Schmidt, Michael M. Sawers, Briggs & Morgan, Minneapolis, MN, for Defendant.

## ORDER

Alice R. Senechal, United States Magistrate Judge

Defendant BNSF Railway Company (BNSF) moves to quash a notice of deposition of Dr. Tyson Williams and for a protective order prohibiting the plaintiff from taking any additional depositions. (Doc. #39).

This case arises under the Federal Employers' Liability Act (FELA). The plaintiff, Richard A. Lofgren (Lofgren), alleges he was injured during the course of his employment with BNSF. Trial of the case is scheduled to begin February 28, 2017.

Dr. Williams treated Lofgren after the incident that is the subject of this lawsuit. BNSF took Dr. Williams' deposition in May 2016, during the discovery period. Lofgren recently noticed a videotaped deposition of Dr. Williams because Lofgren has not been able to arrange for Dr. Williams to travel from Minot, North Dakota, to Fargo, North Dakota, to testify in person at the trial. (Doc. #57). Lofgren initially noticed the deposition for February 24, 2017, but during a February 6, 2017 status conference, Lofgren's counsel stated that it could instead be taken on February 9, 2017.

BNSF contends that the deposition notice is untimely as the discovery period ended on July 1, 2016. BNSF argues that Federal Rule of Civil Procedure 30(a)(2) prohibits the deposition because Dr. Williams has already been deposed in this case. BNSF contends that Lofgren had an opportunity to question Dr. Williams during his May 2016 deposition and that Lofgren can read the transcript of that deposition to the jury. Finally, BNSF contends that a deposition just before trial would result in violation of the pretrial order requiring that deposition testimony to be presented at trial be designated at least fourteen days before trial and would result in disruption of last-minute trial preparation.

Lofgren contends that he should be allowed to take the deposition so that Dr. Williams can testify about developments in Lofgren's medical condition since the May 2016 deposition. Lofgren states that his recent clinic visit with Dr. Williams was likely to result in additional information about his medical condition. (Doc. #61, p. 6). Lofgren argues that, since BNSF does not question that Dr. Williams could testify in person at trial, it would not be prejudiced by his deposition testimony. After his deposition was taken, Dr. Williams provided a June 4, 2016 letter. BNSF moved to have that letter excluded, and the presiding trial judge recently denied that motion, finding that the June 4, 2016 letter "constitutes permissible rebuttal evidence." (Doc. #64, p. 6).

The scheduling order, based on the parties' agreement, provides, "Depositions taken for presentation at trial shall be completed <u>14</u> days before trial." (Doc. #11, p. 3). Thus, there is no question that the parties contemplated that some depositions might be necessary after close of the discovery period.

Rule 30 does not distinguish between "discovery depositions" and "trial depositions."[1] Courts have taken differing positions on whether a "trial deposition" can be taken if a witness has already given a

---

1. Rule 30(a)(2) provides that leave of court is necessary to take a deposition if the deponent has already been deposed in the case, but the rule also states that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)."

"discovery deposition." Even though the rules do not distinguish between the two, some courts have recognized that, as a practical matter, differences exist. Generally, lawyers do not depose friendly witnesses for purposes of discovery. Discovery depositions and trial depositions have different purposes; discovery depositions are generally taken by an opposing party to ascertain the witness' knowledge of relevant evidence and to challenge that knowledge. Trial depositions are generally taken to preserve testimony if a witness is not available to testify in person at trial. See generally Lenius v. Deere & Co., Nos. C12–2063, C12–2072, 2014 WL 6879311 (N.D. Iowa Dec. 4, 2014).

A witness' unavailability to testify at trial may not be known until shortly before trial. Scheduling trial testimony of physician witnesses is often difficult, especially when, as in this case, the physician would be required to travel to testify. Potential changes in the court's calendar make scheduling physician testimony even more difficult. Though this case was filed in the court's Western Division, trial was scheduled in the Eastern Division for the convenience of counsel and the court, thereby making it necessary for Dr. Williams to travel 200 miles further than would be necessary if trial were held in the Western Division. Though attending Dr. Williams' deposition nineteen days before trial will no doubt cause inconvenience to BNSF, it has not demonstrated that it would be significantly prejudiced by Dr. Williams' trial testimony being presented via deposition.

For the reasons discussed herein, BNSF's motion to quash the notice of deposition of Dr. Williams is **DENIED**. To the extent BNSF seeks a protective order concerning any other deposition, that motion is **GRANTED**.

Along with his opposition to BNSF's motion to quash, Lofgren filed a motion to amend a deadline established by the pretrial conference order. (Doc. #54). Specifically, he requests additional time to designate the testimony of Dr. Williams which he will offer at trial. The order for pretrial conference requires that designation fourteen days before trial. In light of Dr. Williams' deposition now being scheduled for February 9, 2017, the court will **GRANT** that motion and extend the time for designation of deposition testimony to February 17, 2017.

**IT IS SO ORDERED.**

