# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2284
_____

Jacqulyn McQuiston, deceased, By and through her Personal Representative,
Raylene VanDorn

*Plaintiff - Appellant*

Raylene VanDorn; Patricia Samuel; Jerald Samuel

*Plaintiff*s

v.

Walmart Stores East I, LP

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: February 17, 2023
Filed: June 2, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

PER CURIAM.

Jacqulyn McQuiston's estate sued after she slipped and fell in the bathroom of a Missouri Walmart. The district court[1] dismissed her negligence claim on summary judgment, and we affirm.

## I.

On the way to the women's restroom, McQuiston passed a cone saying that the floor inside was wet. A couple minutes later, McQuiston's daughter entered after hearing her mother call her name. What she saw was McQuiston lying "on the floor of the handicapped stall with blood 'everywhere.'" Emergency personnel took her to the hospital, where she received treatment for a broken ankle.

The injury led doctors to suspend her chemotherapy treatments. When she later passed away from cancer, the personal representative of her estate sued Walmart for negligence. Walmart removed the case to federal court and requested summary judgment. The district court eventually granted the motion.

## II.

We review the district court's decision to grant summary judgment de novo. *See Couch v. Am. Bottling Co.*, 955 F.3d 1106, 1108 (8th Cir. 2020). "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

As tragic as the circumstances of this case are, summary judgment was appropriate because the estate never "establish[ed] . . . an [essential] element" of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In Missouri, the "foundation for premises liability" is the existence of a dangerous condition. *Rycraw*

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

*v. White Castle Sys.*, 28 S.W.3d 495, 499 (Mo. Ct. App. 2000); *see Hodge ex rel. Farrow v. Walgreen Co.*, 37 F.4th 461, 464 (8th Cir. 2022) (applying Missouri law in a diversity case).

The dangerous condition here, at least according to the estate, was a wet floor. The problem, however, is that there is no admissible evidence establishing that the floor was wet when McQuiston fell, much less that the "risk" was "unreasonable." *Rycraw*, 28 S.W.3d at 499 (requiring "testimony or other evidence from which it can be inferred there was a dangerous condition on the floor").

First, there is no direct evidence. McQuiston did not testify before her death, nor was any effort made to document and preserve what she remembered about the fall. *See Lofgren v. BNSF Railway Co.*, 231 F. Supp. 3d 322, 324–25 (D.N.D. 2017) (discussing the use of trial depositions "to preserve testimony if a witness is not available to testify in person at trial"). And no one else saw water on the floor, at least according to the summary-judgment record. *See Steward v. Baywood Vills. Condo. Ass'n*, 134 S.W.3d 679, 683 (Mo. Ct. App. 2004) (explaining that the evidence did not support an inference that ice was present when the plaintiff "did not call any witnesses who saw ice on the porch at the time of her fall").

Second, the circumstantial evidence is weak. The estate points to three facts: the presence of a wet-floor cone, a maintenance worker who entered the bathroom with a cordless drill, and Walmart's failure to photograph the scene until after someone had already cleaned it. At first glance, the presence of the cone would appear to support the estate's claim. But a cone "near the [restroom] does not automatically translate into" standing water inside the handicapped stall. *Whaley v. LS & E, Inc.*, 859 S.W.2d 180, 182 (Mo. Ct. App. 1993) (per curiam). At least not here, when the cone had been outside the restroom for at least an hour, and none of the people who helped McQuiston saw any water on the floor. *See id.* (pointing out that a witness "did not notice" anything that could have caused the plaintiff's fall).

The remaining evidence is even less helpful. It would be "sheer speculation and surmise" to infer the floor was wet just because a maintenance worker later appeared with a cordless drill. *Hayes v. Nat'l Super Markets, Inc.*, 612 S.W.2d 819, 823 (Mo. Ct. App. 1981). And Walmart's failure to photograph the scene cannot, on its own, establish a dangerous condition. *See id.* at 821 (rejecting "unreasonable, speculative, or forced inferences" in a wet-floor, slip-and-fall case).

The estate's view is different, largely because McQuiston told others what happened. Even aside from the fact that she never mentioned the presence of water, nothing she said to others is admissible in court, so it "cannot be used to defeat summary judgment."[2] *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 817 (8th Cir. 2010).

Nor did the district court abuse its discretion in excluding other *unrelated* and *dissimilar* falls, even though they occurred in the same Walmart store. *See Quigley v. Winter*, 598 F.3d 938, 946 (8th Cir. 2010) (reviewing the decision to exclude testimony for an abuse of discretion); *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 445 (8th Cir. 2001) (requiring substantial similarity before admitting prior-accident evidence). The point is that, without admissible evidence of the restroom's condition when McQuiston walked through the door, the estate's negligence claim cannot get past summary judgment. *See Celotex*, 477 U.S. at 325.

III.

With so little evidence, the estate asks for relief from the judgment to provide more. *See* Fed. R. Civ. P. 59(e), 60(b). It wants to introduce an audio recording of how one paramedic described the accident scene. The district court denied the

---

[2]To the extent the argument is that a hearsay exception applies, it has come too late. *See Sitzer v. Nat'l Ass'n of Realtors*, 12 F.4th 853, 855 n.2 (8th Cir. 2021) (explaining that a party must make more than "passing references" to an argument in its opening brief "for us to consider it").

motion, primarily because it was unwilling to excuse the "ignorance or carelessness" of the estate's attorney, who could have introduced it earlier.

This type of motion "cannot be used to introduce new evidence . . . [that] could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933, 935–36 (8th Cir. 2006). Here, it is undisputed that the estate had access to the recording months before the district court entered judgment. And there is also no doubt it was counsel's mistake that led to its omission. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."). In these circumstances, we cannot say the court abused its discretion in refusing to allow the estate to belatedly fix its own error. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933, 935; *see also Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (reserving such relief for "exceptional" cases (citation omitted)).

IV.

We accordingly affirm the judgment of the district court.

_____