**Michael H. RYAN, Plaintiff-Respondent,**

v.

**PARK–RITE CORPORATION, Defendant-Appellant.**

**No. 39686.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 31, 1978.

Bernard Susman, Robert M. Susman, St. Louis, for defendant-appellant.

Val Terschluse, Clayton, for plaintiff-respondent.

REINHARD, Presiding Judge.

Plaintiff in this court tried case received a judgment in the amount of $822.00 for damages to his automobile. Defendant appeals and we affirm.

On April 11, 1975, the plaintiff drove his 1973 automobile onto the Park-Rite parking lot in St. Louis. Plaintiff wears a prosthesis on his right leg; his automobile is equipped with an accelerator for his left foot. The accelerator is situated on the floorboard to the immediate left of the brake pedal and to the far left of the regular accelerator pedal. The purpose of this equipment is to allow plaintiff to more easily operate his automobile with his left leg.

Upon driving onto defendant's lot he was met by Sam Edmonson, one of defendant's employees who is in charge of receiving customer's cars. Edmonson gave plaintiff a parking stub and parked the car. When plaintiff returned for his car he gave Edmonson his parking stub. Edmonson then went to retrieve the car, and while returning it to the 11th Street entrance he drove across 11th Street and collided with a lamp post and fire hydrant. The amount of damage is not in dispute on appeal.

Defendant contends that the court erred in its application of the law of bailment to this case [1] and that plaintiff's ad-

---

1. The Circuit Court based its determination on the theory of "breach of a bailment contract". In defendant's brief it contends that plaintiff pleaded general negligence and that his evidence was that of general negligence. In its oral argument it appears to have abandoned this theory. However, defendant would not prevail even under this theory, because, as stated in *Broadview Leasing Co. v. Cape Central Airways, Inc.*, 539 S.W.2d 553, 560 (Mo.App. 1976): "It is clear in this state that by alleging general negligence on the part of the bailee, the bailor, upon proof of loss, raises an inference of negligence under the res ipsa loquitur doctrine

mission that he failed to warn defendant's employee of the existence of a second gas pedal precluded plaintiff's recovery.[2]

This case was tried originally in the Magistrate Court and appealed to the Circuit Court where it was tried without a jury. Defendant filed no pleadings.

The Circuit Court found that there was a contract of bailment, that plaintiff delivered his car to defendant pursuant to this bailment, and that the car was redelivered by the defendant in a damaged condition.

 In a bailment action, three theories may be asserted by the bailor—general negligence, specific negligence and breach of bailment contract. *Broadview Leasing Co. v. Cape Central Airways, Inc.,* 539 S.W.2d 553 (Mo.App.1976). In a bailment action which is based on breach of a bailment contract the bailor must simply show that the bailee failed to perform his contract to return the property in an undamaged condition. *Broadview Leasing Co., supra,* at 561; 8 Am.Jur.2d, Bailments § 311. When such has been shown, the burden then rests upon the bailee to prove its exercise of ordinary care. *Broadview Leasing Co., supra* at 561; 8 Am.Jur.2d, Bailments § 311.

 Applying these principles to the present case plaintiff fulfilled his burden of showing the bailee's failure to perform his contract to return the automobile in an undamaged condition. The defendant presented no evidence to fulfill its burden of proof that it had exercised ordinary care. Furthermore, there is simply no evidence that the second gas pedal was in any way connected with the accident.

The judgment of the trial court is affirmed.

CLEMENS and GUNN, JJ., concur.

and thus shifts the burden of going forward with the evidence to the bailee, . . ." The defendant presented no evidence to rebut the inference of negligence.

2. Defendant bases much of its argument on the fact that plaintiff failed to inform defendant of

the second gas pedal. The court in its findings of fact found that this equipment "is obvious to one about to operate said vehicle and is not hidden in any manner from normal view." There was evidence in the record to support this finding.