**C.V. SOHN, INC., Appellant,**

v.

**J.W. MILLIGAN, INC., Respondent.**

**No. WD 38802.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1987.

Scott B. Haines, Gould & Moore, P.C., Kansas City, for appellant.

John P. Ryan, Jr., Grandview, for respondent.

Before PRITCHARD, J., Presiding, and GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

Plaintiff C.V. Sohn, Inc. (Sohn) appeals from a verdict and judgment in favor of defendant J.W. Milligan, Inc. (Milligan) arising out of the theft of a truckload of sausage. Sohn alleges error in instructing the jury. Judgment affirmed.

Sohn, a trucking business, owned only one tractor and eight trailers; therefore, Sohn did business primarily by hiring "lease operators" who owned and operated their own rigs. Sohn contracted with Oldham's Farm Sausage Company (Oldham's) to transport a truckload of sausage from Holton, Kansas, to three destinations in the Carolinas. Sohn entered into a lease agreement with Milligan for use of a refrigerated truck and trailer and for the services of a driver, John Heeter, an employee of Milligan, for the purpose of transporting the sausage.

Sohn contacted Heeter directly to pick up and deliver the cargo. After picking up the cargo at Holton, and while en route to his destination in the Carolinas, Heeter stopped at Milligan's shop in Independence, Missouri, to have tires changed on the tractor. Heeter unhitched and parked the trailer overnight on a street in a well-lighted

area. The next morning, Milligan discovered that the trailer had been stolen. The trailer itself was later recovered, but the cargo was never found.

Sohn sued Milligan for $31,933.65 in damages, the value of the cargo. Sohn claimed to have suffered damages in that amount by virtue of Sohn's alleged legal obligation to pay Oldham for the cargo. Sohn's petition set forth two counts. Count I alleged negligence and specified as acts of negligence: (a) failing to maintain an adequate and proper security surveillance over the trailer while the trailer was in Milligan's sole possession; and (b) leaving the trailer exposed upon a public street and failing to take adequate security precautions against its theft. Count II alleged breach of the written lease agreement and was abandoned by Sohn at trial.

Sohn attempted to submit its case on an apparent breach of bailment contract theory and offered the following instruction:

> Instruction No. A: Your verdict must be for plaintiff if you believe:
>
> First, plaintiff entrusted defendant with cargo mentioned in the evidence;
>
> Second, defendant accepted delivery of such cargo;
>
> Third, such cargo, while under defendant's care, custody and control was stolen;
>
> Fourth, such cargo was not returned to plaintiff; and
>
> Fifth, as a result of defendant's failure to return such cargo, plaintiff was damaged.

The trial court refused Sohn's instruction basing its refusal on the trial court's opinion that Sohn's instruction made "the bailee an insurer of the property." The trial court instead submitted the case to the jury on its own verdict director:

> Instruction No. 5: Your verdict must be for plaintiff if you believe:
>
> First, defendant had possession of the cargo mentioned in the evidence;
>
> Second, defendant failed to guard against theft by blocking the trailer;
>
> Third, defendant was thereby negligent; and

Fourth, as a direct result of such negligence, plaintiff sustained damage.

Sohn alleges error in the trial court's refusing Sohn's instruction No. A and giving court's instruction No. 5 to the jury. Sohn assigns two subpoints of error. First, Sohn alleges the court's instruction No. 5 was not in accordance with plaintiff's theory of the case. Second, Sohn alleges there was sufficient evidence presented by plaintiff Sohn under a bailment theory to submit the case to the jury under Sohn's instruction No. A and the trial court's failure to allow instruction No. A prejudiced the plaintiff Sohn.

■ Sohn's first subpoint, error in giving the court's instruction No. 5 because it was not in accordance with Sohn's theory of the case, fails because it was not properly preserved for appellate review. Rule 70.03, insofar as pertinent here, provides that "[s]pecific objections to instructions shall be required in motions for new trial unless made at trial." At trial, Sohn offered its instruction, which was refused. Sohn did not object to the court's instruction at trial, nor did the following objection made by Sohn in its motion for new trial meet the test of specificity laid down in Rule 70.03: "The Court erred for the reason said Instruction is against the law under the evidence presented in this case." The objection set forth in Sohn's motion for new trial did not constitute a "specific objection" and was nothing more than an abstract allegation that the court's verdict director did not properly declare or state the law. Sohn's objection did not preserve anything for appellate review. *Ideker, Inc. v. Missouri State Highway Commission,* 654 S.W.2d 617, 623–24 (Mo.App.1983); and *Associated Underwriters v. Mercantile Trust Company,* 576 S.W.2d 343, 346 (Mo.App.1978). The failure to address specifics when objecting to instructions, either at trial or in motions for new trial, will not be countenanced on appeal. *Ideker, supra,* at 623–24.

■ In its second subpoint, Sohn alleges there was sufficient evidence presented by Sohn under what Sohn describes as "a bailment theory" to submit the case to the

jury under Sohn's instruction No. A and the trial court's failure to allow instruction No. A prejudiced Sohn. Assuming there was a bailment, Sohn's instruction was properly rejected. In a bailment action, three theories may be asserted by the bailor—general negligence, specific negligence, and breach of bailment contract. *Broadview Leasing Company v. Cape Central Airways, Inc.,* 539 S.W.2d 553, 560 (Mo. App.1976). Sohn's petition alleges specific acts of negligence. In its argument, Sohn asserts its petition alleges a claim under a bailment contract, or, "at the very least a claim for general negligence." The substance of Sohn's argument, however, in conjunction with Sohn's proposed instruction, which does not mention the word "negligence", indicates clearly that Sohn now contends that its action was intended to be a breach of bailment contract theory. (Sohn cites *Ryan v. Park–Rite Corp.,* 573 S.W.2d 450 (Mo.App.1978), as authority for its argument; *Ryan* is a breach of bailment contract case.) There was evidence at trial sufficient to submit a breach of bailment contract theory.

Where the theory of bailor's action is based on contract, according to *Broadview,* if the bailed property is not returned, the bailee must prove exercise of due care on its part. Here, the bailee's evidence showed the trailer was parked in a well-lighted area. Sohn, also in the trucking business, admitted he had never taken, and, even at time of trial, had not considered taking, any of the precautions he originally alleged Milligan might have taken. Sohn, in fact, admitted satisfaction with all the precautions being taken by Milligan to protect the cargo.

In this case, Milligan introduced sufficient substantial evidence for the jury to determine that Milligan did exercise due care under all the circumstances and submitted that issue to the jury by instruction No. 6. Sohn's instruction failed properly to refer the jury to the defense that Milligan exercised due care, which would permit Milligan to be exculpated from its liability as bailee under instruction No. 6. Sohn's instruction made Milligan strictly liable for the return, or delivery, of the property and

was therefore properly rejected by the trial court. Sohn's claim of error is rejected.

Judgment affirmed.

All concur.