Carrie FLY, Appellant,

v.

**ROYAL AUTO REPAIR, Respondent.**

No. 52195.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 24, 1988.

Application to Transfer Denied
April 19, 1988.

Henry W. Cummings, St. Charles, for appellant.

Frank E. Rathbone, St. Louis, for respondent.

SATZ, Chief Judge.

Plaintiff appeals the trial court's grant of a directed verdict for defendant at the close of defendant's case. We affirm.

■ To review a directed verdict for a defendant, we view the evidence and infer- ences in the light favorable to plaintiff and disregard all contrary evidence and infer- ences. *See, e.g., Green v. Crunden Mar- tin Mfg. Co.,* 575 S.W.2d 930, 932 (Mo.App. 1978). If, however, reasonable grounds support the directed verdict, we affirm. *McCellan v. Highland Sales and Invest- ment Co.,* 514 S.W.2d 371, 374 (Mo.App. 1974).

On appeal, counsel consistently refers to the "appellant" in the singular and, in par- ticular, as "appellant Carrie Fly". Part of the trial record before us, however, refers to "Carrie Fly et al" as parties below. The petition filed in the trial court shows "Carrie Fly and Wayne Fly and Henry Cummings" as the parties plaintiff and shows the relationship of Carrie and Wayne Fly as wife and husband. We shall, however, bow to counsel and refer to the moving party as the appellant, in the singu- lar, and as plaintiff below.

The precise theory of plaintiff's claim against defendant is not clearly stated in the petition. However, it appears plaintiff is suing defendant in specific negligence and/or bailment.[1]

■ In a bailment action, the bailor may base his case on one of three basic theories: breach of bailment contract, specific negli- gence and, what we in Missouri call, gener- al negligence. *See, e.g., Royster v. Pitt- man,* 691 S.W.2d 305, 307 (Mo.App.1985), *Ryan v. Park Rite Corp.,* 573 S.W.2d 450, 452 (Mo.App.1978). Plaintiff appears to have chosen a negligence theory. This ap- pears from following colloquy between plaintiff's counsel and the trial court just prior to voir dire:

[Plaintiff's Counsel]: Where do we stand with respect to the res ipsa loquitur doctrine convering (sic) the burden of proof

THE COURT: Well, that's going to de- pend pretty much on what your evi- dence shows. As it is now we know

---

1. The petition alleges plaintiffs' possession of an automobile, delivery of it to defendant, Carrie Fly's "request to see her automobile", a "Royal representative['s]" response "that the automobile had been stolen", and then the following allega- tions:

"... Royal ... negligently failed to provide an effective security system including, but limited to, lighting surveillance of the station whereby the theft of the vehicle could be involved.

... Royal failed to perform [its] duty as a bailee of the vehicle for hire."

that you are proceeding on a tort out of your amended Petition, . . . . So, you may proceed on your tort theory.

■ To make her case, plaintiff called only one witness, her husband Wayne Fly. He testified he "arranged for the purchase of a ['72 Dodge Swinger] in August, 1984." The purchase price was $1,624.26. In December, 1984, the car was involved in an accident. Then, in April, 1985, he took the car to defendant, Royal Auto Repair, to have it repaired. The first time he went to pick up the car, he was given a repair bill. However, he could not start the car, and he left it there for further repairs. Shortly thereafter, he went to pick up the car again. He did not see the car, and "when [he] went up there the guy told [him]—he didn't tell [him] nothing. He said he didn't have it." Wayne Fly then called his attorney and asked him to go to Royal Auto with plaintiff Carrie Fly, to "see what happened to the car." He said Carrie Fly did go there and discovered "the car was gone."

Defendant called an employee of defendant Royal Auto Repair as a witness. His testimony was of no help to plaintiff. The trial court then granted defendant's motion for a directed verdict on several grounds. We mention one ground and base our affirmance on another.

The trial court found plaintiff failed to show a demand on defendant for the car and a refusal by defendant. *See, e.g., Glass v. Allied Van Lines*, 450 S.W.2d 217, 220 (Mo.App.1970); 8 Am.Jur.2d, *Bailments*, §§ 124–126 (1980). Certainly, Wayne Fly's testimony that plaintiff Carrie Fly found "the car was gone" is too equivocal show this discovery—"the car was gone"—was based upon a demand and refusal. Wayne Fly also said, however, that some "guy" at Royal Auto Repair told Fly, "he didn't have it [the car]." Giving this testimony its most favorable inference for plaintiff, we will assume, for our purpose here, that this shows a demand and refusal, even without plaintiff's showing the "guy" was an employee authorized to make the statement.

The trial court also found that plaintiff failed to show her damages. Arguably, nominal damages are sufficient to make a submissible case in an action for breach of bailment contract. *See, e.g.*, 8 Am.Jur.2d, *Bailments*, § 346 (1980). "In contract cases, proof of the contract and of its breach gives rise to nominal damages, and, thus, a submissible case is made regardless of the failure to prove actual damages." *Sunny Baer Co. v. Slaten*, 623 S.W.2d 595, 598 (Mo.App.1981).

But, on the record before us, the best that can be said for plaintiff is that she sued defendant for its negligence, and an essential element of a negligence action is damages. *See, e.g., Nichols v. Blake*, 418 S.W.2d 188, 191 (Mo.1967). From the record here, it appears plaintiff was attempting to obtain the value of the car as her damages. This value is proved by the fair market value of the car at the time the car was taken to Royal Auto Repair for repairs, April 1985. The only evidence of the value of the car in April, 1985 was Wayne Fly's testimony the car cost $1,624.26, in August, 1984, and was in an accident in December, 1984. That falls far short of showing the car's fair market value in April, 1985.

Judgment affirmed.

KELLY and CRIST, JJ., concur.