**STATE of Missouri, Plaintiff–Respondent,**

v.

**Sean LAUX, Defendant–Appellant.**

**No. 53835.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

---

1. Nonetheless, we examined the case on the merits and concluded we would have affirmed the trial court's judgment.

Amy L. Ziegler, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of second-degree burglary, § 569.170, RSMo. 1986, and stealing less than $150, a misdemeanor, § 570.030, RSMo. 1986. He was sentenced as a persistent offender by the court to prison terms of eight years and one year, sentences to run concurrently. He appeals; we affirm.

Because defendant does not challenge the sufficiency of the evidence, a brief statement of the facts suffices. David Hagler lived in the basement apartment of a building he owned, and he rented the upstairs apartment to Cindy in June 1986. Defendant, Cindy's boyfriend and later her husband, moved into the apartment and lived there until he and Cindy separated in December 1986. While defendant lived there, he and Hagler were friends, with defendant often in Hagler's apartment. After the couple separated, although defendant was not living in the apartment, he visited Cindy frequently.

On February 4, 1987, at approximately 1:00 or 2:00 p.m., Hagler was loading his trailer when defendant came over to the residence. The two conversed for about 15 minutes, and Hagler gave defendant an old tire and returned to work. Hagler left his residence at about 4:00 p.m. to haul some junk to the dump. When he left he saw defendant sitting in his vehicle in front of the residence. Hagler returned about 30 minutes later and noticed defendant was gone. Hagler found his bathroom window had been kicked in and some of his stereo equipment and his videocassette recorder (VCR) were missing.

The police found a fingerprint on Hagler's "video splitter," a device which had been attached to his VCR. The fingerprint matched that of defendant. Hagler testified that he had purchased the "video splitter" in the last week of January 1987 and that defendant had not been in his apartment with his permission since he purchased it.

In his sole point on appeal, defendant contends the trial court erred in sustaining the state's objection to his attempt to impeach Hagler during cross-examination with a prior inconsistent statement Hagler made at the preliminary hearing.

During direct examination at trial, Hagler stated he saw defendant the day of the burglary in the "early afternoon, around 1 or 2." He said he spoke with defendant, gave defendant a tire, and continued with his work. He testified he left at about 4:00 p.m. to go to the dump and saw defendant across the street in his vehicle. On cross-examination defendant's attorney asked, "Do you remember testifying or coming to court on April 20th at the preliminary hearing?" The prosecutor objected, and the following discussion was held at the bench:

THE COURT: Do you have your statement?

MS. ZIEGLER [defense counsel]: The statement he made was that he—the defendant came to his house, asked him to work on his truck. He left and a half an hour later the house was broken into. Now, the inference from that is that the defendant was there a half an hour before the break-in.

THE COURT: Say it again, please, I think I missed something.

MS. ZIEGLER: On the preliminary hearing he said the defendant was there a half an hour before the break-in.

THE COURT: Oh.

MR. CRADDICK [the prosecutor]: That's what he's testified to here too, he was there, he gave him the tire. He left and came back a half an hour later and it was broken into. That's what he said.

THE COURT: Now what did you say he said?

MS. ZIEGLER: At the preliminary hearing he said that when he left the defendant was still there and a half an hour later he was broken into.

THE COURT: That's exactly what he said.

MR. CRADDICK: That's exactly what I asked him, where the defendant was, he said he was sitting out front in his car.

THE COURT: I don't see any inconsistency.

MS. ZIEGLER: The inconsistency is when did the defendant come to his house.

THE COURT: Oh, okay, but his testimony is the defendant came at 1:00, 1:00 or 1:30. I don't see where it's—based upon what you told me what the alleged statement was I don't see any inconsistency at all.

MS. ZIEGLER: Okay.

THE COURT: I mean, you didn't say—

MS. ZIEGLER: He didn't say what time.

THE COURT: You didn't say the defendant came there at 4:00?

MS. ZIEGLER: No, he didn't.

THE COURT: Well, there isn't any inconsistency.

MS. ZIEGLER: Well, it's an inference.

THE COURT: What's before me?

MR. CRADDICK: Nothing, I'm asking that she be prohibited from this line of questioning because there is no prior inconsistent statement.

THE COURT: What do you want to say about that?

MS. ZIEGLER: I'd like to be able to ask him whether or not he made this statement at a preliminary hearing and let the jury decide whether or not it's an inconsistency.

MR. CRADDICK: You can't impeach with an inference.

THE COURT: It will be sustained.

■ The trial court has discretion to limit cross-examination and introduction of evidence for the purpose of impeachment. This "discretion includes the duty to determine the relevance, materiality and remoteness of proffered impeachment evidence." *State v. Jones*, 629 S.W.2d 589,591 (Mo. App.1982). While a witness may be cross-examined and impeached with his prior inconsistent statement, there must be a "real inconsistency" between the prior statement and the one made at trial. *See State v. Armbruster*, 641 S.W.2d 763,767 (Mo.1982). Furthermore, if inconsistent, the statement must not concern an immaterial or collateral matter. *State v. Alexander*, 499 S.W. 2d 439,443 (Mo.1973).

■ It is clear from the record the trial court did not abuse its broad discretion in sustaining the state's objection to defendant's cross-examination for two reasons: there was no inconsistency in the two statements, and defendant's arrival time was a collateral matter. The witness stated at trial and at the preliminary hearing that defendant was in front of his house when he left the house. That was the crucial testimony, not when defendant arrived.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.